# Richmond.

## LEFTWICH v. CITY OF RICHMOND.

### January 30, 1902.

1. DELINQUENT LANDS—*Deed from Clerk—Acknowledgment Before Clerk.*—
   Title to land purchased for delinquent taxes could be acquired,
   under the Code of 1849, only by a deed from the clerk of the proper
   court, duly recorded; but the clerk could not acknowledge such a
   deed before himself, and a deed recorded on such an acknowl-
   edgment passed no title. Acknowledgment implies the existence
   of two persons, one who makes the acknowledgment, and another
   who receives and certifies it.
2. EJECTMENT—*Legal Title.*—There can be no recovery in an action of
   ejectment, except under special circumstances, unless the evidence
   shows that the plaintiff was the owner of the legal title to the land
   in controversy at the time his action was instituted.
3. APPEAL AND ERROR—*Instructions—Harmless Error.*—An appellate
   court will not reverse the judgment of a trial court for errors com-
   mitted in granting or refusing instructions when it can see from
   the whole record that even under correct instructions no other
   verdict could have been rightly found than was found, or that the
   party complaining could not have been prejudiced.

Error to a judgment of the Circuit Court of the city of Rich-
mond rendered November 10, 1900, in an action of ejectment
wherein the plaintiff in error was the plaintiff, and the defendant
in error was the defendant.

                                                        *Affirmed.*

The opinion states the case.

*Sands & Sands,* for the plaintiff in error.

*H. R. Pollard,* for the defendant in error.

·BUCHANAN, J., delivered the opinion of the court.

This is an action of ejectment brought by plaintiff in error to recover certain lands which he claimed in fee simple. In making out his case, he offered in evidence a deed executed September 28, 1858, by Robert Howard, clerk of the Hustings Court of the city of Richmond, to one Isaac A. Goddin, the assignee of James Sutton, who was the purchaser of the land in controversy at a sale for the non-payment of taxes due the State. The deed, when offered in evidence, was objected to upon the ground, among others, that it had never been properly acknowledged and recorded, and until so recorded, it vested no title in the grantee. This objection was overruled, and the deed admitted in evidence.

·By section 2 of chapter 37 of the Code of 1849, which was in force at that time, it was provided that when a purchaser of real estate at a tax sale "shall have obtained a deed therefor, according to the six preceding sections, and, within six months from the date of the deed, shall have caused the same to be recorded in the court of the county or corporation in which such real estate lies, such real estate shall stand vested in the grantee as it was vested in the party assessed with the taxes. . . . . . ."

Until acknowledged before one of the officers or tribunals authorized to take acknowledgments by chapter 121 of same Code, there was no authority to record it, and until recorded it did not vest the legal title in the grantee.

The probate jurisdiction in regard to deeds, as was said by this court in *Carper* v. *McDowell,* 5 Gratt. 212, 232, is for the most part distributive, and consists of two parts; one of which is taking officially the proof of acknowledgment; and the other, its recordation, or what is the same thing, in effect, the receiving it officially for that purpose; and they together, when duly performed by the proper authorities, constitute a complete act of registration. The registration of a deed is thus a matter of

record, and the record is composed of the instrument itself, with the endorsements showing its proof or acknowledgment, and its admission to record; all of which are copied into the deed-book, and a transcript therefrom, or from the originals, is, as well as the originals, evidence for and against all persons.

In the case before the court, Robert Howard, clerk, the grantor in the deed, was the clerk who made the endorsement and admitted the deed to record, if it was admitted at all. The endorsement on the deed is as follows:

"City of Richmond, to-wit:

"In office of Court of Hustings of the said city, the 28th day of March, 1858.

"This deed was acknowledged by Ro. Howard, clerk, a party thereto, and admitted to record at half-past nine o'clock A. M.

Teste:

RO. HOWARD, Clerk."

This is the only certificate, or evidence of acknowledgment, or of admission to record.

The clerk of the court of registration, in his office, could at that time admit to record any deed or other writing (authorized to be recorded) as to any person whose name was signed thereto when it had been acknowledged before him by such person, or proved by two witnesses as to him before such court or clerk in his office; and he could also admit any such writing to record as to any person whose name was signed thereto upon a certificate of such person's acknowledgment before certain officers designated by the statute. Code of 1849, ch. 121, secs. 1, 2 and 3.

In the case of *Davis* v. *Beasley*, 75 Va. 491, 494, where the grantor in the deed was the clerk of the court in which the deed was or ought to have been recorded, the endorsement or certificate of acknowledgment was as follows:

"1855, September 13th.

"Filed and acknowledged in office by Robert Pritchett, a party thereto."

There was no signature to the endorsement, but it was conceded to be in the handwriting of the clerk.

The endorsement or certificate of acknowledgment was substantially the same as in this case. That acknowledgment was held to be insufficient to authorize the recordation of the deed. Judge Burks, in delivering the opinion of the court, said: "But how can a party to a deed acknowledge it before himself? The act to be done implies *ex necessitate rei* that there are two parties; one who makes the acknowledgment, and another who receives and certifies it. The law contemplates no such anomaly as that of a party to a deed taking his own acknowledgment of it before himself in his official character. No adjudged case has been cited, if any such there be, in support of the remarkable position that a party to an instrument may acknowledge it before himself as an officer, and that such acknowledgment certified by him is sufficient under our statute authorizing recordation of instruments on certificate of acknowledgment before such officer; and if any such case can be found, we do not hesitate to say that it would not control our judgment in the construction of the registration acts of this State."

This case, which is in full accord with the current of authority, and has been frequently cited and approved by this court, would seem to be conclusive of this question. *Bowden* v. *Parish,* 86 Va. 68; *Nicholson* v. *Gloucester Charity School,* 93 Va. 101; *Iron &c. Building Assn.* v. *Groves, &c.,* 96 Va. 138; 2 Minor's Inst. (4th ed.) 957; 1 Devlin on Deeds, sec. 476.

It is insisted, however, that the acknowledgment may have been taken by the court itself, or by the deputy clerk. The acknowledgment does not purport to have been in open court—the only place where the court could have taken it—but in the

"office of the Court of Hustings," which clearly means the office of the clerk of the court.

Neither is there anything to show that the acknowledgment was taken by a deputy of the clerk, or that he had a deputy. The only construction, it seems to us, that can properly or reasonably be placed upon the language of the endorsement is that the acknowledgment made was before the clerk himself, who was the grantor in the deed. As this was not a proper acknowledgment of the deed in contemplation of law, it could not be and was not recorded, and it did not, therefore, invest the grantee, or those who claim under him, with the legal title to the property conveyed by it. There can be no recovery in an action of ejectment, except under special circumstances, which do not exist in this case, unless the evidence shows that the plaintiff was the owner of the legal title to the land in controversy at the time his action was instituted. *Suttle* v. *R. F. & P. R. Co.*, 76 Va. 284.

If it were true, as plaintiff in error contends, that the court erred in refusing to give the instructions offered by him and in giving the instruction which it did give, no prejudice resulted to the plaintiff therefrom, for upon the case made by the plaintiff the jury, upon correct instructions, could not properly have found in his favor.

It is the well-settled rule of this court, recognized and acted upon in numerous cases, that if the court can see from the whole record that even under correct instructions a different verdict could not have been rightly found, or that the party complaining could not have been prejudiced by the action of the court in giving or refusing instructions, it will not for such errors reverse the judgment and set aside the verdict. *Richmond Rwy. &c. Co.* v. *Garthright*, 92 Va. 627, 631, and cases cited; *Wright* v. *Independence Nat. Bk.*, 96 Va. 728.

The judgment must therefore be affirmed.

*Affirmed.*