102  471|
105  179|

# Richmond.

## CHESTERMAN, TRUSTEE, v. BOLLING.

### FEBRUARY 10, 1904.

1. EJECTMENT—*Common Grantor—Estoppel.*—Where both plaintiff and defendant in ejectment derive title from a common grantor, the plaintiff need not trace his title back of that grantor, as the validity of his title cannot be disputed by either party.

2. EJECTMENT—*Adverse Possession—Case at Bar.*—The evidence in this cause shows that the defendant and those under whom she claims title have had adverse possession of the land in controversy under color of title for more than twenty-five years; that those under whom the plaintiff claims knew that this land was cut off from the tract subsequently acquired by them, acknowledged the right of defendant's ancestor, and asserted no claim to the land themselves, and that at the judicial sale at which they purchased it was announced that a part of the tract had been cut off. Upon these facts the plaintiff cannot recover.

Error to a judgment of the Circuit Court of Goochland county, in an action of ejectment, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*C. W. Throckmorton* and *H. R. Miller,* for the plaintiff in error.

*A. K. & D. H. Leake,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an action of ejectment, which was instituted in September, 1901, in the Circuit Court of Goochland county by the plaintiff in error, Evan R. Chesterman, trustee, against the defendant in error, Martha Ann Bolling, to recover a tract of land situated in that county, described in the declaration as "Red Hill," containing 375 acres, more or less.

At the trial neither party demanded a jury, whereupon all questions of law and fact were submitted to the court, and judgment rendered for the defendant.

Both plaintiff and defendant claim title to the land in controversy from a common source, so that it is unnecessary to trace their chain of title beyond W. B. Durfey, under whom both claim, and the validity of whose title neither can dispute. *Bolling* v. *Teel,* 75 Va. 493.

It appears from the certificate of evidence, that in 1882 B. D. Peachy, as special commissioner—acting under a decree of the Circuit Court of James City county, in a suit to partition the real estate whereof W. A. Durfey died seised, among his heirs—conveyed *part* of the "Red Hill" tract, containing 375 acres, more or less, to the purchaser, W. B. W. Brooking. In 1895 Brooking and wife conveyed the land to C. T. Davis; and in 1898, Davis conveyed to M. L. Wood, who subsequently conveyed it in trust to Chesterman, to secure a debt due from Wood to Davis.

In 1900, there was a survey made of the "Red Hill" farm, according to metes and bounds established while the entire tract belonged to Durfey, which showed that the original boundary embraced about 380 acres, and included the 50 acres in the possession of the defendant.

It further appears that the defendant is the daughter and sole heir of Joseph Mayo, deceased; that, in 1877, Durfey caused a survey of fifty acres, taken from the "Red Hill" tract,

to be made by the county surveyor, and delivered possession thereof to Mayo under a contract of sale; that Mayo cleared the land, paid the taxes, and erected a dwelling house and other permanent improvements thereon, and remained in the peaceable, undisputed and exclusive possession of the property, under color of title, from the date of his purchase until his death, in the year 1901; that there was a small balance of purchase money due upon the land, which Mayo paid a short time before his death to Special Commissioner Peachy, who thereupon conveyed the land to him, as directed by a decree of the October term, 1880, of the Circuit Court of James City county; that at a judicial sale made in 1882 of *part* of the "Red Hill" tract to Brooking, it was publicly announced by those conducting the sale, that the fifty acres of land previously sold by Durfey to Mayo was excepted from the sale; that Brooking, the original purchaser of the larger tract, knew of Mayo's ownership and possession of the smaller tract, and that it was not included in his purchase; that Davis was also apprised of those facts, and that neither Brooking nor Davis ever asserted title to that property. Peachy, who, as special commissioner, made conveyances to Brooking and Mayo of their respective purchases, states unequivocally that he transacted all business pertaining to the Durfey estate, and knows that the Mayo tract was not included in the sale and conveyance to Brooking.

Thus, both vendor and vendee agree that the deed under which plaintiff claims does not cover the land in dispute.

It will be remembered that the case is here as upon a demurrer to evidence by the plaintiff; but, without invoking that rule, it is manifest from the whole evidence that plaintiff has no title whatever to the fifty-acre tract, and that no previous owner of the larger tract ever asserted any claim thereto. Even if Brooking had purchased the property originally, plaintiff's right of action would long since have been barred by the adverse

possession under color of title of the defendant and her ancestor for nearly a quarter of a century.

In no aspect of the case, therefore, could there have been a recovery by the plaintiff. His contention proceeds upon the false premise that he is invested with the legal title to the land in controversy. If he was not, as obviously appears, the exceptions taken to various subordinate rulings of the court on matters of procedure were immaterial, and need not be considered.

The judgment complained of is without error, and must be affirmed.

*Affirmed.*