**Richmond.**

MOORE v. BALTIMORE & OHIO RAILROAD Co.

November 23, 1904.

1. COMMON CARRIERS—*Delivery—Authority to Receive—Negligent Delay.*—
   A common carrier has the right to be thoroughly satisfied that a
   person asking for the delivery of freight is authorized to receive
   it, as no circumstance of fraud, imposition, or mistake will excuse
   a delivery to the wrong person. In the case at bar freight was
   shipped by the plaintiff's agent at Staunton, consigned to the
   plaintiff at Philadelphia. He was not there to receive it, and the
   persons applying for delivery did not show any sufficient authority
   to justify a delivery to them, and it was not negligence on the
   part of the defendant to delay delivery until their right to receive
   could be ascertained.
2. COMMON CARRIERS—*Live Stock—Suitable Cars—Time to Furnish—
   Case at Bar.*—While it is the duty of a common carrier, engaged
   in the business of carrying live stock, to furnish suitable and safe
   cars and appliances therefor, it is entitled to a reasonable time
   within which to furnish such cars. In the case at bar, not only
   was no opportunity given to furnish a suitable car, but no order or
   request beforehand was made that one should be furnished.
3. PLEADING—*Allegation and Proof—Case at Bar—Object of Declaration.*—
   A plaintiff cannot allege one ground of negligence in his declara-
   tion and recover upon another. An allegation that a common car-
   rier did not safely deliver and did not take due and proper care
   of a car load of live poultry, is not supported by proof of failure
   to have plaintiff's poultry car returned, or a stock car furnished.
   The object of the declaration is to set forth the facts which con-
   stitute the cause of action so that they may be understood by the
   defendant, who is to answer them, by the jury, which is to ascer-
   tain whether or not they have been established, and by the court,
   which is to render its judgment.

4. INSTRUCTIONS—*Correct Verdict—Ruling on Instructions—Harmless Error.*—If the court can see from the whole record that under proper instructions a different verdict from that rendered could not have been rightly found, or that the party complaining could not have been prejudiced by the action of the court in giving and refusing instructions, it will not for such errors reverse the judgment and set aside the verdict.

Error to a judgment of the Circuit Court of Augusta county, rendered in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Patrick & Gordon* and *Conrad & Conrad*, for the plaintiff in error.

*J., J. L., & R. Bumgardner*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Samuel Moore instituted his action against the Baltimore & Ohio Railroad Company, to recover damages for losses resulting from the alleged negligence of the defendant company as a common carrier. The plaintiff was engaged in the business of shipping eggs and poultry in carload lots from Staunton and other points in the Valley of Virginia to the city of Philadelphia, Penna. The claim set out in the first and second counts of the declaration was for the loss of eggs shipped October 20, 1899.

Upon the trial of the case the plaintiff recovered all the damages claimed in those counts, and there is no question made here as to the propriety of that recovery.

It is averred in the third count of the declaration that on the 3rd of November, 1899, the plaintiff shipped a carload of live poultry over the defendant's road, which "was not safely delivered, but on the contrary, by reason of unnecessary delay in its transportation for a period of twenty-four hours the poultry was badly drifted and injured, and the plaintiff was prevented from delivering the same to the purchaser thereof on the Monday following the date of delivery for transportation, which was market day, and which poultry the defendant knew was shipped for sale on that day."

The fourth count is the same in substance as the third, except that instead of the averment that the car was not safely delivered, it is averred that the defendant did not take due and proper care of the live poultry, but on the contrary it was so badly cared for that it was wholly lost.

The plaintiff's evidence shows that there was no delay in transporting the car from the point of shipment to its destination. It reached Philadelphia on time. The car was consigned to the plaintiff, and the defendant company declined to deliver it either to the plaintiff's employee who accompanied it, or to the party to whom the plaintiff had conditionally sold the poultry or part of it, when demanded the next morning after its arrival, and did not deliver it until some time during that afternoon. Upon the whole evidence it is clear, we think, that the reason why the car was not delivered earlier was because the defendant was not satisfied that it had the right to deliver it to the persons demanding it. The defendant telegraphed to its agent at the shipping point and also to the plaintiff to know if shipment was to be delivered to the plaintiff's employee, and when informed that it was, the shipment was delivered.

Before delivering the car, the defendant had the right to be thoroughly satisfied that the persons asking for its delivery were authorized to receive it. "No circumstances of fraud, imposi-

tion, or mistake," says Hutchinson on Carriers, sec. 344, "will excuse the common carrier from responsibility for a delivery to the wrong person. The law exacts of him absolute certainty that the person to whom delivery is made is the party rightfully entitled to the goods, and puts upon him the entire risk of mistakes in this respect, no matter from what cause occasioned, however justifiable the delivery may seem to have been, or however satisfactory the circumstances or proof of identity may have been to his mind; and no excuse has ever been allowed for a delivery to a person for whom the goods were not intended or consigned. If, therefore, the person who applies for the goods is not known to the carrier and he has any doubt as to his being the consignee, he should require the most unquestionable proof of his identity; or if from any cause he should have reasonable doubt as to whether the person claiming the goods was entitled to them, he should refuse delivery to him until he establishes his right."

Conceding that the averments in the third and fourth counts of the declaration were sufficient to entitle the plaintiff to recover damages for a negligent failure to deliver the poultry after the car reached its destination, the evidence does not make out a case of such negligence. The car was consigned to the plaintiff. He was not in Philadelphia to receive it. The parties applying for delivery did not show any sufficient authority to justify a delivery to them. As soon as the defendants ascertained that the plaintiff's employee was entitled to receive the shipment, it was delivered to him.

The case made by the fifth count of the declaration is that the plaintiff delivered to the defendant, on the 15th of December, 1899, a carload of eggs and live poultry, at Staunton, Virginia, to be safely carried and delivered to the plaintiff in Philadelphia, Penna.; that the defendant did not safely deliver the same, but on the contrary, by reason of unnecessary delay in the

transportation of the eggs and poultry for a period of more than twenty-four hours, the plaintiff was prevented from selling the same on the Monday's market following their shipment; that the defendant knew the shipment was made for sale on that market day; and that by reason of the defendant's negligence and carelessness damages resulted to the plaintiff.

The sixth count in the declaration is substantially the same as the fifth, except that instead of the averment that it did not safely deliver, it avers that the defendant did not take due and proper care of the articles shipped.

The evidence wholly fails to show any delay or want of care in transporting or delivering the car. It reached its destination on time and was promptly delivered. When the car was unloaded a number of the fowls were dead, and others injured by the heat, and had to be sold for less than the market price. The car in which the poultry was shipped was an ordinary box car, and the cause of the death of some of the fowls and of injury to others was no doubt due to the character of the car in which they were shipped. Some time prior to the shipment in question, the plaintiff had engaged a car from the Live Poultry Company for shipping his poultry, and made several shipments therein. This car was returned to Staunton a day or two before the shipment of December 15th was made, and for some reason, by mistake perhaps, was sent over to the yards of the Chesapeake & Ohio Railway Company. Shipments were usually made by plaintiff from Staunton on Fridays, gathering poultry along the line of the defendant's road, and leaving Strasburg on Saturdays for Philadelphia. But there was no arrangement with the defendant by which shipments were to be made regularly on Friday. On Thursday, the morning of the day before the shipment in question was made from Staunton, an agent or employee of the plaintiff inquired for the live poultry car. He was informed that it had been sent over to the

Chesapeake & Ohio Railway Company's yards. After finding that the live poultry car had been sent away, the plaintiff's agent tried to have the car ordered back, but failed. He then notified his principal that he could not get the poultry car, and was instructed to get a stock car. He applied to the defendant's agent at Staunton for a stock car, and could not get it. Upon informing the plaintiff of his failure to get a stock car, he was directed to do the best he could, as the poultry was waiting along the line of road for shipment. He then applied to the defendant's agent for a car, and was informed that the best he could do would be to give him an ordinary box car. This the plaintiff's agent accepted, and made his shipment therein.

It is insisted in the petition for a writ of error, and in the plaintiff's brief, that it was the duty of the defendant company to furnish a suitable car in which to transport the poultry, and that for its failure to do so it was liable in damages for the injury which resulted therefrom. While it is the duty of a common carrier, engaged in the business of carrying live stock, to furnish suitable and safe cars and facilities therefor (*N. & W. Ry. Co.* v. *Harman*, 91 Va. 601, 22 S. E. 490, 44 L. R. A. 289, 50 Am. St. 855; *C. & O. Ry. Co.* v. *Bank*, 92 Va. 495, 23 S. E. 935, 44 L. R. A. 449), it is entitled to a reasonable time within which to furnish such cars. Here not only was no opportunity given for the defendant to furnish a stock car, but no order or request beforehand was made that one should be furnished. But a conclusive answer to the plaintiff's claim for damages for the failure of the defendant to have the poultry car returned, or a stock car furnished, is that there is no such ground of negligence averred in the declaration. A party cannot charge one ground of negligence in his declaration and recover upon another. The object of the declaration is to set forth the facts which constitute the cause of action, so that they may be understood by the de-

fendant, who is to answer them, by the jury, which is to ascertain whether or not they are true, and by the court, which is to give judgment. *Eckels* v. *N. & W. Ry. Co.*, 96 Va. 69, 25 S. E. 545, and authorities cited.

The negligence charged in the third, fourth, fifth and sixth counts of the declaration not being proved, the jury could not have properly found in favor of the plaintiff on those counts. It is therefore unnecessary to consider the questions raised as to the correctness of the court's action in giving and refusing instructions, since it is the well settled rule of this court, recognized and acted upon in numerous cases, that if the court can see from the whole record that under correct instructions a different verdict could not have been rightly found, or that the party complaining could not have been prejudiced by the action of the court in giving and refusing instructions, it will not for such errors reverse the judgment and set aside the verdict. *Leftwich* v. *Richmond*, 100 Va. 164, 40 S. E. 651; *Brock* v. *Bear*, 100 Va. 562, 42 S. E. 307.

We are of opinion that there is no error in the judgment complained of, to the prejudice of the plaintiff, and it should be affirmed.

*Affirmed.*