# Richmond.

MARBACH v. HOLMES.

March 1, 1906.

Absent, Cardwell, J.

1. EJECTMENT—*Title—Common Source.*—If both plaintiff and defendant in ejectment claim the land in controversy from a common source, it is unnecessary for either to trace his title beyond such source.

2. ADVERSE POSSESSION—*Vendor and Vendee—Severance of Relation— Notice to Vendor—Evidence of Relation.*—The possession of an incomplete purchaser becomes adverse only when there has been a severance of the relation of vendor and vendee by a distinct avowal on the part of the vendee that he is holding adversely and not in subordination to the title of the vendor, and notice of such disclaimer is brought home to the vendor.

3. EJECTMENT—*Evidence—Adverse Possession.*—On the trial of an action of ejectment, where the defendant claims title by adverse possession, the record of a suit in chancery brought by one under whom the defendant claims title against the plaintiff's vendor, seeking specific performance of an alleged contract of sale of the land in controversy, and which was dismissed at the hearing, is relevant and proper evidence to establish the fact that the complainant in such chancery suit was claiming to hold as purchaser, and not as an adverse claimant, and was seeking a conveyance of the legal title.

Error to a judgment of the Circuit Court of Elizabeth City county in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*S. F .Collier & Son, John W. Friend* and *Jones & Wood-ward,* for the plaintiff in error.

*S. J. Dudley* and *B. A. Lewis,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

In October, 1904, the plaintiff in error brought ejectment against the defendant in error to recover a certain lot situated in the town of Hampton.   The defendant relied upon adverse pos-session under claim of right, to defeat the plaintiff's recovery; and at the trial, a jury having been waived and all matters of law and fact submitted to the court, the judgment under review was rendered in behalf of the defendant.

Both plaintiff and defendant claim the land in controversy from a common source (Abraham Holmes), beyond which it is, therefore, unnecessary for either to trace title.   *Bolling* v. *Teel,* 76 Va. 487; *Chesterman* v. *Bolling,* 102 Va. 471, 46 S. E. 470.

The plaintiff made out a *prima facie* case, connecting his title by successive conveyances with that of Abraham Holmes; while, as observed, the defendant, who had no deed or other paper title, relied solely upon adverse possession under claim of right.   To rebut that contention, the plaintiff offered in evi-dence the record of a suit in equity, instituted in August, 1902, by C. W. Holmes, through whom the defendant claims, for specific performance of an alleged contract between his father, Abraham Holmes, and himself, for the sale of the lot in con-troversy.   At the hearing the prayer for specific performance was denied and the bill dismissed.

It thus appears that less than three years before the institu-tion of the present action, C. W. Holmes, by the allegations of his bill, admitted that his entry upon and possession of the land

was under the alleged contract of purchase from Abraham Holmes, and that the relation of vendor and vendee existed between them.

In such case, the doctrine is well settled in this State that the possession of an incomplete purchaser only becomes adverse when there has been a severance of the relation of vendor and vendee by a distinct avowal on his part that he is holding adversely and not in subordination to the title of the vendor, and notice of such disclaimer is brought home to the vendor.

In the leading case of *Clarke* v. *McClure,* 10 Gratt. 305, the rule is thus stated: "A vendee who enters under an executory contract, which leaves the legal title where it was, and contemplates a future conveyance, enters in subordination to it, holds under and relies upon it to protect his possession in the meantime. And in such case, as also in the case of lessee, mortgagor, *cestui que trust,* and the like, where one is under the owner of the legal title, a privity exists which precludes the idea of a hostile, tortious possession which could silently ripen into a title by adverse possession under the statute of limitations."

An entry on land under a parol gift from the owner, and a claim to hold any estate by virtue of the gift, is in its nature a recognition of the continued existence of a subsisting title in the legal owner; and a claim to hold any estate by gift from the legal owner is a claim to hold in subordination to his title. *Idem.*

The principal case has been cited and approved in a number of subsequent decisions by this court. *Creigh* v. *Henson,* 10 Gratt. 231; *Nowlin* v. *Reynolds,* 25 Gratt. 137, 141; *Lewis* v. *Overby,* 31 Gratt. 601, 616; *Creekmur* v. *Creekmur,* 75 Va. 430, 436; *Chapman* v. *Chapman,* 91 Va. 397, 21 S. E. 813, 50 Am. St. Rep. 846; *Hulvey* v. *Hulvey,* 92 Va. 182, 23 S. E. 233; *County of Alleghany* v. *Parrish,* 93 Va. 615, 622, 25 S.

E. 882; *Va. Mid. R. Co.* v. *Barbour,* 97 Va. 118, 33 S. E. 554; *Neff* v. *Ryman,* 100 Va. 521, 42 S. E. 314.

In *Chapman* v. *Chapman, supra,* at page 406, it is said: "Before adverse possession can arise between a vendor and his vendee, or between the grantee of the vendor and such vendee, where the vendor has retained the title, and the statute of limitations commences to run, the vendee must have dissevered the privity of title between them by the assertion of an adverse right, and openly and continuously disclaimed the title of his vendor, and such disclaimer be clearly brought home to the knowledge of the vendor or his grantee."

The record in the suit for specific performance was therefore clearly admissible to show the character of C. W. Holmes' possession; and, for the error in excluding it the judgment of the trial court must be reversed, and the case remanded for a new trial.

*Reversed.*