# Richmond.

## THOMPSON AND ANOTHER v. CAMPER.

### December 6, 1906.

1. ADVERSE POSSESSION—*Entry Under Owner—Disclaimer.*—One who enters upon land with the verbal permission of the owner and makes improvements thereof, but without deed or other paper title, does not hold adversely to such owner in the absence of a clear, positive and continued disclaimer of the owner's title brought home to his knowledge. One who admits the title of another in order to acquire possession cannot deny that title in order to retain it.

2. HARMLESS ERROR—*Excluding Evidence—Instructions.*—The rulings of a trial court in excluding evidence and in giving and refusing instructions are harmless and immaterial when it is manifest that with the rejected evidence admitted, and upon correct instructions, a different verdict could not have been found.

3. EJECTMENT—*Disclaimer After Adverse Verdict.*—A defendant in ejectment who was in possession of the premises in dispute at the time the action was brought, and who filed a joint plea of not guilty with the real claimant, cannot enter a disclaimer after an adverse verdict. He will not be permitted to make defense and take chances and, after an adverse verdict, disclaim all interest in order to evade liability for costs.

Error to a judgment of the Circuit Court of Roanoke county in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. C. Stearnes,* for the plaintiff in error.

*A. A. Phlegar,* for the defendant in error.

Whittle J., delivered the opinion of the Court.

The defendant in error, John H. Camper (plaintiff in the trial court), recovered a verdict and judgment in ejectment against the plaintiffs in error, Noble E. Thompson and M. A. Morgan, for the lot in controversy. The plaintiff was the owner in fee simple of two adjoining lots, situated on the west side of Broad street, in the town of Salem. He resided on one of these lots, and his father-in-law, B. G. Morgan, dwelt with him. In 1879 or 1880, Morgan, with the permission of Camper, erected a dwelling upon the vacant lot, which he occupied as a home until his death in 1903. The title to the lot remained in Camper, and it was continuously assessed for taxation in his name, and the taxes paid by him. After Morgan's death Camper demanded possession of the lot from M. A. Morgan, who was the decedent's second wife, and, upon her refusal to vacate the premises, instituted this action to recover them.

While numerous exceptions were taken by Mrs. Morgan during the progress of the trial, and many assignments of error are alleged in her petition for a writ of error, it is quite clear that she has no standing in a court of law. She claims the property by virtue of a marriage settlement from her husband, and consequently must rely upon his title.

It is not pretended that Morgan was either a vendee of the property, entitled to a conveyance of the legal title, or that he stood in relation thereto of grantor in a satisfied mortgage or deed of trust. Therefore, M. A. Morgan could not avail herself of the equitable defenses provided in such case by sections 2741 and 2742 of Virginia Code, 1904. Morgan had no deed or other paper title to the land, and his widow cannot set up adverse possession under color of title or claim of right as a defense for the reason that her husband entered with the verbal permission of the plaintiff, and held the land in privity with him

and in subordination to his title. Where such is the case the unbroken course of decision in this state is to the effect that a defendant in an action of ejectment cannot be heard to dispute the plaintiff's title during the continuance of the relation— the principles being that when one admits the title of another to acquire possession he cannot deny that title in order to retain it.

The doctrine is thus stated in the leading case of *Clarke* v. *McClure,* 10 Gratt. 305: "A vendee who enters under an executory contract, which leaves the legal title where it was, and contemplates a future conveyance, enters in subordination to it, holds under and relies upon it to protect his possession in the meantime. And in such case, as also in the case of a lessee, mortgagor, *cestui que trust,* and the like, where one is in under the owner of the legal title, a privity exists which precludes the idea of a hostile, tortious possession which could silently ripen into a title by adverse possession under the statute of limitations. An entry on land under a parol gift from the owner, and a claim to hold any estate by virtue of the gift, is in its nature a recognition of the continued existence of a subsisting title in the legal owner; and a claim to hold an estate by gift from the legal owner is a claim to hold in subordination to his title."

So also in *Creekmur* v. *Creekmur,* 75 Va. 430, 436, it is said: "The rule now is that where possession is originally taken under the true owner, a clear, positive, and continued disclaimer and disavowal of title and the assertion of an adverse right, to be brought home to the knowledge of the party, are indispensable before any foundation can be laid for the statute of limitations. The statute does not begin to operate until the possession, before in privity with the title of the true owner, becomes tortious and wrongful by the disloyal acts of the occupying tenant." See *Reusens* v. *Lawson,* 91 Va. 337, 338, 21 S. E. 347; *Chapman* v. *Chapman,* 91 Va. 397, 21 S. E. 813, 50 Am. St. Rep. 846. The Virginia decisions on the subject are cited in the recent case of *Marbach* v. *Holmes,* 105 Va. 178, 52 S. E. 828.

There was no such disclaimer in this case as is contemplated

by the authorities, and nothing upon which to rest the defense of adversary possession.

The action of the court in excluding evidence and giving and refusing instructions is also assigned as error. But it is unnecessary to consider that assignment, for if it were conceded that the trial court erred in the particulars complained of such error would be harmless and immaterial, since it is manifest that with the rejected evidence admitted and upon correct instructions, a different verdict could not have been found. *Richmond Ry. Co.* v. *Garthright,* 92 Va. 627, 24 S. E. 267, 32 L. R. A. 220, 53 Am. St. Rep. 839; *Wright* v. *Independence Bank,* 96 Va. 728, 32 S. E. 459, 70 Am. St. Rep. 889; *Winfree* v. *First National Bank,* 97 Va. 83, 33 S. E. 375; *Leftwich* v. *Richmond,* 100 Va. 164, 40 S. E. 651; *Brock* v. *Bear,* 100 Va. 562, 42 S. E. 307; *Moore* v. *B. & O. Ry. Co.,* 103 Va. 189, 48 S. E. 887.

There is but one other matter that demands our attention. The defendant, Thompson, was occupying the premises at the time of the institution of the action, and in accordance with section 2726 of Virginia Code, 1904, was made a defendant. Afterwards Mrs. Morgan was also admitted as a defendant; and thereupon they filed a joint plea of not guilty and made common defense until after verdict, when a motion was made that judgment be not rendered against Thompson.

We are of opinion that this motion was properly overruled. If it was the purpose of Thompson to disclaim adverse occupancy of the premises it was incumbent upon him to have entered such disclaimer at the commencement rather than the conclusion of the litigation. It is not permissible for a defendant to make defense and take chances, and, after an adverse verdict, to escape liability for costs on the theory that he had no interest in the matter in controversy. *Middleton* v. *Johns,* 4 Gratt. 129.

The judgment is without error and must be affirmed.

*Affirmed.*