## Richmond.

ATLANTIC COAST LINE RAILROAD COMPANY v. CAPLE'S ADMINISTRATRIX.

January 13, 1910.

Absent, Buchanan, J.

1. INSTRUCTIONS—*Evidence to Support—Case at Bar—Accidental Death —Freedom of Decedent from Fault.*—Where, in an action for wrongful death, there is ample evidence to support the theory that the death of plaintiff's intestate was purely accidental, and not the result of the defendant's negligence, an instruction which tells the jury they must find for the defendant if they believe from the evidence that the decedent came to his death as the result of a mere accident, although he was himself free from fault, should be given.   To add to such instruction: If the accident was "not caused in any manner by the defendant's fault or negligence" is calculated to confuse and mislead the jury, if not to defeat the purpose of the instruction.

2. NEGLIGENCE—*Probabilities.*—If it is just as probable that an injury inflicted on a plaintiff was purely accidental as that it was inflicted through the negligence of the defendant, the verdict should be for the defendant.

3. PLEADING—*Allegation and Proof—Evidence.*—The proof in a cause must correspond with the allegations of the pleadings.   A plaintiff cannot allege one set of facts in his declaration, and recover upon proof of an entirely different set of facts.

4. INSTRUCTIONS—*Partial View of Evidence—Directing Verdict—Contributory Negligence.*—Where the contributory negligence of the plaintiff is relied on as a defense to an action of tort, and the evidence tends to support that view of the case, it is error to instruct the jury to find for the plaintiff if they believe that the defendant was negligent, ignoring entirely the contributory negligence of the plaintiff.   An instruction, especially one directing a verdict for the plaintiff or the defendant, which is based upon a partial view of the evidence is erroneous, and should not be given.

5. INSTRUCTIONS—*Contradiction—Verdicts.*—If contradictory instructions are given on a material point in a case, the verdict of the jury should be set aside, as it cannot be said whether the jury were controlled by the one or the other.

6. INSTRUCTIONS—*Directing Verdict—Relative Duties of Both Parties.*
In an action of tort, where the contributory negligence of the
plaintiff is relied upon as a defense, it is the better practice that
instructions which lay down the law as to the duty of the de-
fendant should not conclude with a direction to find for the
plaintiff unless they also contain a statement of the correspond-
ing duty of the plaintiff to exercise reasonable care for his own
safety.

7. EVIDENCE—*Experts—Opinions—When Not Admissible.*—Generally the
opinions of witnesses are inadmissible in evidence.   Witnesses
can testify to facts only, and not to opinions or conclusions based
on facts.   If all the relevant facts can be, or have been, intro-
duced before the jury, and they are able to deduce a reasonable
inference from them, no reason exists for receiving opinion evi-
dence, and it is inadmissible.

Error to a judgment of the Corporation Court of the city of
Manchester in an action of trespass on the case.   Judgment for
the plaintiff.   Defendant assigns error.

*Reversed.*

The opinion states the case.

*Edwin P. Cox* and *Wm. B. McIlwaine,* for the plaintiff in
error.

*George J. Hooper, D. C. O'Flaherty* and *M. J. Fulton,* for
the defendant in error.

HARRISON, J., delivered the opinion of the court.

In October, 1906, Norman Caple died from injuries re-
ceived by him a few hours before his death, while in the employ
of the plaintiff in error as one of a switching crew in its Man-
chester yards.   The alleged negligence of the defendant com-
pany in causing his death is the ground of this action brought by
his administratrix for damages.

The record shows that the deceased lost his life during the
operation of making what is known as a flying switch, and while

he was engaged in uncoupling the engine from the cars. The theory of the plaintiff, as shown by her declaration, was that the deceased was on the rear step of the engine in a stooping position, drawing out the coupling pin, and that without waiting for a signal to do so from the deceased, which was his alleged duty, the engineer negligently and suddenly increased the speed of the engine and threw or jerked the plaintiff's intestate upon the tracks, immediately in front of the moving cars, which were following the engine, thereby causing his death.

The theory of the defendant was that the deceased was standing on the ladder of the car and lost his hold and fell, as the result of a pure accident, for which the defendant was not responsible; and that, if this was not so, the deceased was guilty of such contributory negligence as to preclude a recovery by his administratrix.

There was a verdict and judgment for the plaintiff, which this writ of error brings under review.

We find no error in the action of the circuit court in overruling the demurrer to the plaintiff's declaration.

We will consider first the assignments of error which challenge the action of the circuit court in refusing and modifying certain instructions asked for by the defendant.

Instruction No. 13, as asked for, was as follows: "The court instructs the jury that if they should believe from the evidence that Norman Caple was injured as a mere accident, they must find for the defendant, and this although they may believe Norman Caple was also free from fault."

The court modified this instruction so as to make it read as follows: "The court instructs the jury that if they should believe from the evidence that Norman Caple was injured as a mere accident, *not caused in any manner by defendant's fault or negligence,* they must find for the defendant, and this although they may believe Norman Caple was also free from fault."

The words in italics show the modification, which was well calculated to confuse and mislead the jury, if not to defeat the

purpose of the instruction. The instruction should have been given as asked. The view of the defendant that the death of the deceased was the result of a mere accident was supported by ample testimony to entitle it to a proper instruction submitting that theory of the case to the jury. *Martin* v. *Traction Co.*, 102 Va. 209, 212, 45 S. E. 886.

The eighteenth instruction, as offered by the defendant, set forth certain acts of negligence charged by the plaintiff against the defendant company, and concluded with the statement: "Yet, notwithstanding they may so believe, the jury must find a verdict for the defendant company, if they shall further believe from the evidence that the death of the said Norman Caple was caused by his missing his hold while ascending the ladder of the car that was being switched, thereby falling on the track in front of the same, and that ascending such ladders on moving cars was a part of his duty and that he had sufficient experience to know how to perform his duty."

This instruction was modified by inserting between the word "hold" and the word "while" the words *"by his own fault or misfortune and not because of defendant's fault or negligence."*

The twelfth instruction offered by the defendant told the jury that if they believed it to be as probable that the accident happened by his falling from the car as that he was jerked from the engine, as charged in the declaration, they must find for the defendant.

The modification of instruction eighteen changed its meaning and purpose, and permitted the jury to find for the plaintiff, whether the negligence which caused the injury had been alleged in the declaration or not. It ignored the theory of the defendant, that if the deceased fell from the ladder on the car by missing his hold, after the engine had moved away from it, that no responsibility resulted to the defendant therefrom. Further, the object sought by instruction twelve, which was refused, and instruction eighteen, which was modified, was to limit the plain-

tiff's proof to the allegations of the declaration. This had not been done in any of the other instructions. The plaintiff could not recover except under the averments of her declaration; she could not allege one set of facts, and recover if another set of facts were true. *Richmond Ry. & Elec. Co.* v. *West,* 100 Va. 184, 40 S. E. 643; *Moore* v. *B. & O. R. Co.,* 103 Va. 189-194, 48 S. E. 887.

Both the twelfth and eighteenth instructions were applicable to the facts of the case, and should have been given as asked.

Instructions two and four, given for the plaintiff, contain a complete statement of the plaintiff's case. They inform the jury, that, if they believe from the evidence that the defendant's engineer did not exercise proper care and caution, and that this lack of care and caution was the proximate cause of the death of the plaintiff's intestate, then they must find for the plaintiff. They in effect said to the jury, that if the defendant was negligent, their verdict should be for the plaintiff, ignoring the important element necessary to entitle the plaintiff to recover— that is, an absence of contributory negligence on the part of her intestate. The defense of contributory negligence was relied on, and the evidence tended to sustain that view of the case, but this theory was improperly left out in giving these instructions. This court has often held, that when an instruction, especially one which directs the jury to find for the plaintiff or defendant, is based upon a partial view of the evidence, it is erroneous. *Vaughan M. Co.* v. *Staunton T. Co.,* 106 Va. 445, 452, 56 S. E. 140.

The defect in these instructions is not cured by instructions given for the defendant with respect to contributory negligence. That makes a case of contradictory instructions upon a material point, which would require the verdict of the jury to be set aside, as it cannot be said whether the jury were controlled by the one or the other. *C. & O. Ry. Co.* v. *Whitlow,* 104 Va. 90, 51 S. E. 182; *Southern Ry. Co.* v. *Hansbrough,* 107 Va. 733, 748, 60 S. E. 58.

Without further detail, it is sufficient to call attention to the fact that other instructions given for the plaintiff are subject to criticism on account of the objection pointed out to instructions Nos. 2 and 4, and that on another trial care should be observed to avoid that objection. It is always the better practice in cases like this, that instructions which lay down the law with respect to the duty of the defendant, should not conclude with a direction to find for the plaintiff, unless they also contain a statement of the corresponding duty of the plaintiff to exercise reasonable care for his own safety. *C. & O. Ry. Co.* v. *Rogers,* 100 Va. 324, 332, 41 S. E. 732.

Bill of exception No. 7 was taken to the action of the court in allowing W. P. Borland, a witness called by the plaintiff, to testify as an expert concerning the position which the deceased should have occupied when he was injured. The facts hypothetically stated were taken from conflicting statements made by various witnesses, and the witness replied that, in the circumstances set out in the question, it would necessarily have been the duty of the deceased to be on the foot-board of the engine.

The question did not call for the answer of an expert witness. All of the facts touching the matter involved in the question were fully before the jury and easily understood, and needed no elucidation by an expert. The witness was merely expressing an opinion which the jury was as capable of expressing as he was. No principle of law is better settled than that the opinions of witnesses are in general inadmissible; that witnesses can testify to facts only and not to opinions or conclusions based upon the facts. *Southern Ry. Co.* v. *Mauzy,* 98 Va. 692, 694, 37 S. E. 285.

While the general rule is as stated, there are exceptions to it; but there is no reason in this case for making an exception. When all relevant facts can be or have been introduced before the jury, and the latter are able to deduce a reasonable inference from them, no reason exists for receiving opinion evidence, and it is inadmissible. *Iron, &c.,* v. *Tomlinson,* 104 Va. 254,

51 S. E. 362; *Va. Car. Chem. Co.* v. *Knight,* 106 Va. 674, 676, 56 S. E. 725.

As the case has to go back for the errors already pointed out, it is not necessary to consider other questions that may not arise on another trial.

The judgment complained of must be reversed, the verdict of the jury set aside and the case remanded for a new trial.

*Reversed.*