# CHARLESTON.

J. F. SIZEMORE v. JOHN ROACH et al.

Submitted March 1, 1921.    Decided March 8, 1921.

1. TAXATION—*General Recording Statutes Applicable to Tax Deeds and Acknowledgment Necessary.*

    The general recording statutes of this state are applicable to tax deeds, and unless properly acknowledged by the recorder or other officer authorized by law to execute such deeds so as to be properly admitted to record, they will be inopera-

tive to pass the title to the land sold and thereby sought to be conveyed. (p. 170).

2. ACKNOWLEDGMENT—*Recorder, when Grantor in Tax Deed, Cannot Certify His Own Acknowledgment.*

The grantor in such tax deeds, though the recorder, can not lawfully take and certify his own acknowledgment, and his attempt to do so should be regarded as abortive and unavailing. (p. 170).

3. EVIDENCE—*Deed Properly Acknowledged and Recorded Prima Facie Evidence of Admission to Record.*

A deed properly acknowledged and spread upon the record of deeds, is prima facie evidence of its having been admitted to record, although the record shows no other act of the recording officer in admitting the same to record. (p. 170).

4. APPEAL AND ERROR—*Deed Not Appearing in Certificate of Evidence as Having Been Admitted to Record Cannot Be Supplied by Certified Copy.*

A deed found among the papers of an ejectment suit but not appearing in the certificate of evidence to have been admitted in evidence can not be supplied by a certified copy of such deed found among the papers in the trial court. (p. 171).

Error to Circuit Court, Wyoming County.

Action by J. F. Sizemore against John Roach and others. Judgment of nil capiat, and plaintiff brings error.

*Affirmed.*

*Wirt Dunlap,* and *R. E. Hughes,* for plaintiff in error.
*J. Albert Toler,* for defendants in error.

MILLER, JUDGE:

In an action of ejectment defendant demurred to the plaintiff's evidence, and the judgment of nil capiat now complained of was pronounced.

The land sued for was in two parcels, parts of a 300 acre tract, and aggregated about 50 acres, situated in Wyoming County.    Plaintiff undertook to deraign his title to these tracts through sundry mesne conveyances back to the State under a tax deed from James Cook, Recorder, dated November 16, 1870, to Hamilton Ray for the 300 acres; but when plaintiff offered in evidence not the original but the record

of the deed spread upon the deed book of the said county, defendant objected, but the objection was overruled and the record of the deed admitted.    Though objected to and the objection overruled, the objection is relied on by defendant in support of the judgment complained of.

Two grounds of objection were interposed: first, that the deed recited on its face that Leroy B. Chambers was the purchaser and that on June 27, 1870, he had transferred and assigned his purchase to the said Hamilton Ray for a valuable consideration, but that as the evidence of said assignment, if any, was not shown in evidence and Chambers had not joined in the deed to Ray, the deed was incompetent to show title in Ray; second, that the record of the deed did not show it had ever been acknowledged by said Cook, Recorder, so as to be admissible for record, wherefore ineffective to transfer title.    The only evidence found on the record of the deed to show its admissibility and effect    to transfer title is as follows:

"Wyoming County Recorders Office, the 26th day of June, 1871:

"A deed, from the Recorder of Wyoming County to Hamilton Ray, dated the 16th day of November, 1870, conveying 300 acres of land in said county, was this day presented in this office, acknowledged for record, stamped and admitted.

"A copy.        Teste:    JAMES COOK, Recorder."

As to the first objection, if the deed, because of the second objection thereto, was not evidence for want of proper acknowledgment and proper record thereof, we need    not respond to the first objection, for it can not be allowed    as evidence of anything mentioned therein.    Sometimes deeds over thirty years old reciting facts such as heirship, etc., when relied on with possession become evidence of those facts. *Wilson* v. *Braden,* 56 W. Va. 372, 375.    But if the record of the deed involved here is not evidence for any purpose, we can not look to it for evidence of the facts recited.

The controlling question then is, was the record of the deed properly admitted?    It shows no acknowledgment by the recorder unless his own certificate quoted constituted such

acknowledgment. The statute, chapter 31, Code 1868, then in force, did not in specific terms require the deed of the recorder to be acknowledged as a condition of its being admitted to record, but to be effective to transfer the title, section 25 thereof required that the purchaser should have obtained such deed and caused the same to be admitted to record. So that unless this deed was properly admitted to record, the title did not pass, and it was improperly admitted as evidence for any purpose, plaintiff not relying thereon as color of title and possession thereunder. In Black on Tax Titles, § 393, it is said, "it is probable that, in the silence of the statute on the precise point, a tax deed, executed by the proper officer, in order to be prima facie evidence of the title in the grantee, must be proved or acknowledged as provided in the general law concerning conveyances." In *State* v. *Harman,* 57 W. Va. 447, 452, construing the provision of the Code of 1868 involved here, we decided that the general recording statute requiring acknowledgment as a condition of admitting deeds and other writings to record, applied to tax deeds, and that unless acknowledged or proven as required thereby, they can not be recorded, and that if recorded without such acknowledgment or proof, they pass no title. A statute of Missouri, substantially like ours, was construed in the same way in *Steirling* v. *Daley,* 37 Mo. 483. And in Virginia it has likewise been held that a tax deed must be acknowledged by the clerk, else it is unavailing. *Leftwich* v. *City of Richmond,* 100 Va. 164.

But does the certificate of the recorder amount to an acknowledgment by him? If so construed, it would be the act of the recorder acknowledging his own deed before himself, an abortive act and unavailing. *Davis* v. *Beazley,* 75 Va. 491; *Leftwich* v. *City of Richmond, supra; Tavenner* v. *Barrett,* 21 W. Va. 656. So we hold that the record of this deed was not admissible, and though admitted was properly ignored on the demurrer to the evidence.

The next paper relied on by plaintiff and admitted over defendants objection is the record of what purports to be a deed from Hamilton Ray, signed H. Ray, to Jane Bower, dated September 28, 1871. Objection to the admission of

this deed as spread upon the deed book produced by the clerk of the county court was that though purporting to have been acknowledged before James Cook, Recorder, it shows no order by him admitting the same to record. Is such order endorsed on the deed and recorded essential to the validity of the deed so as to make the record evidence of the deed and act of the recorder? Section 7, chapter 73, Code 1868, required the recorder in recording deeds and other writings to record all certificates of privy examinations or acknowledgments, and all plats, schedules and other papers thereto annexed or thereon endorsed; but we find nothing in the then or present statute requiring the recording officer to record along with such instruments his order admitting them to record, though it is no doubt the practice to do so. In *Fouse* v. *Gilfillan,* 45 W. Va. 213, 227, it was decided that the certificate of the clerk of the county court admitting to record a certain contract, and identifying it as dated June 25, 1892, the date of the original, but which had been modified September 26, 1892, was a sufficient identification of the whole contract for the purpose of the recordation thereof, as the addendum or modification thereof was what it purported to be, "a modification of the agreement made on June 25, 1892," constituting together the whole of the agreement. In the absence of any statute requiring the record to show the act of the clerk in admitting to record a deed or other instrument, we think that the fact that such instrument is actually on the record is at least prima facie evidence of the admission thereof to record, and that the deed of September 28, 1871, was properly admitted in evidence.

Another serious obstacle in the way of plaintiff's right of recovery and supporting the judgment on the demurrer to his evidence is that he failed to connect himself with the prior deeds and title relied on. The record evidences an intention to do so in the very beginning of the trial, in the testimony of W. P. Cook, Clerk of the county court. He was asked, and answered as follows: "Q. Do you find a deed from Marinda Sizemore to James F. Sizemore? A. Yes, sir. Q. Just read the description of that tract of land?"

Further than this the record is silent as to any such deed. It does not appear that the witness even read the description as requested; and certainly it does not appear that any such deed was offered or admitted in evidence.     On the hearing here plaintiff's counsel undertook to supply the omission by presenting to us what purports to be a copy of such deed, certified by the clerk of the circuit court as a paper found by him among the papers of the cause, but he does not say it was a part of the demurrer and certificate of the evidence.

The foregoing defects in plaintiff's title would be sufficient to sustain the judgment on the demurrer to his evidence, and it ought to be affirmed unless, as plaintiff insists, the court erred in denying his motion, after the court had announced its purpose to sustain the demurrer, for leave to set aside his joinder therein and grant him a new trial. The record shows no motion for leave to take a non-suit. Besides, it is too late to move a nonsuit after a case has been submitted to the jury.     Following the rule of practice recognized in *Frymier* v. *Lorama Railroad Co.,* 76 W. Va. 96, 99, we might perhaps, because of the omission of the plaintiff to put in evidence the deed to him from Marinda Sizemore and husband, if that was the only defect in his title, set aside the demurrer to the evidence and award him a new trial. But because of the fatal defect in the record of the deed from James Cook, Recorder, of November 16, 1870, already alluded to, and one which can not now be cured, it would serve plaintiff no good purpose to grant him a new trial, wherefore he has not brought himself within the rule requiring that good cause be shown for such new trial.

Our conclusion is to affirm the judgment.

*Affirmed.*