# Richmond.

BUGG v. SEAY.

January 16, 1908.

1. EJECMENT—*Prior Purchaser—Unrecorded Deed—Proof of Payment of Consideration by Subsequent Purchaser.*—If a party claiming to be the purchaser of a tract of land for a valuable consideration and without notice of a prior unrecorded deed, can maintain ejectment against the grantee therein, he must show that he received his conveyance and actually paid the purchase money before he had notice of the prior unrecorded deed. The recital in his deed of the payment of the purchase money is evidence against his grantor, but as against the grantee in the prior deed is mere hearsay.

2. EJECTMENT—*Plaintiff's Title.*—It is incumbent on the plaintiff in ejectment to trace his title to the commonwealth, or in some other manner show that he is entitled to the possession of the land sought to be recovered as against the defendant.

3. TRIAL—*Rejection of Evidence—When Harmless.*—It is unnecessary to decide whether the trial court erred in rejecting evidence, where it appears that if the rejected evidence had been received, the jury could not have found any other verdict than the one they did find.

4. CORRECT VERDICT—*Ruling on Instructions.*—The action of the trial court in granting an instruction becomes immaterial when in no view of the case could there have been a different verdict.

5. APPEAL AND ERROR—*Invited Error.*—A party will not be permitted in this court to complain of an error committed in the trial court into which he invited the court, especially if it did him no injury.

Error to a judgment of the Circuit Court of Fluvanna county in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*W. B. Pettit's Sons*, for the plaintiff in error.

*J. O. Shepperd*, for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The plaintiff in error instituted his action of ejectment to recover a tract of forty. acres of land. Upon the trial of the cause, there was a verdict and judgment for the defendant. To that judgment this writ of error was awarded.

One of the errors assigned is that the trial court ought to have set aside the verdict of the jury because contrary to the law and the evidence.

The defendant did not offer any evidence to sustain his plea of not guilty. The plaintiff, in his declaration, referred to and described the land which he sought to recover as "being the same land mentioned and described in a deed from R. B. Seay" (the plaintiff's grantor) "to George P. Seay" (the defendant) "dated the 30th day of December, 1901, and of record in the clerk's office of Fluvanna county court in Deed Book 30, page 227." That deed was not offered in evidence, but seems to have been treated in the trial court as a part of the record and before the jury, because referred to in the declaration. The deed is copied into the record, and in the briefs of counsel on both sides here is treated as part of the record, but in oral argument the plaintiff's counsel insisted that it was no part of the record because not made so by bill of exception.

In the view we take of the case, the same result will follow, whether it was or was not before the jury. If it be considered a part of the record, then it appears that both parties claim under R. B. Seay; that his conveyance to the defendant was executed on the 30th day of December, 1901, and admitted to record on the 5th day of December, 1903; and that his (Seay's) conveyance to the plaintiff was executed and admitted to record

on the 22nd day of September, 1902. The failure of the defendant to record his deed until after the plaintiff had purchased the same land and recorded his deed, it is insisted by the plaintiff, rendered the defendant's deed void as to him under the provisions of section 2465 of the code.

That section provides, among other things, that a deed conveying land "shall be void as to subsequent purchasers for valuable consideration without notice * * * until and except from the time it is admitted to record" in the proper county or corporation.

If a party claiming to be a purchaser of land for a valuable consideration without notice of a prior unrecorded conveyance can maintain an action of ejectment against the grantee therein, he can only do so by showing that he received his conveyance and actually paid the purchase money before he had notice of the prior unrecorded deed. Such proof is necessary in a court of equity, where the protection of a *bona fide* purchaser for value without notice is usually set up as a defense (*Lamar* v. *Hale,* 79 Va. 147, and cases cited; *Wasserman* v. *Metzger,* 105 Va. 744, 54 S. E. 893, 7 L. R. A. (N. S.) 1019, and cases cited; 2 Min. Inst. (4th Ed.) 767 &c.; 1 Perry on Trusts (5th Ed.) sec. 219); and, *a fortiori,* less proof would not be required of the plaintiff in an action of ejectment seeking to recover the land in the possession of the grantee in the prior unrecorded conveyance.

The plaintiff introduced in evidence his deed from R. B. Seay, which recited that it was made "in consideration of the sum of one thousand and fifty dollars, the receipt of which is hereby acknowledged." While the recital in the deed was evidence of payment against the grantor in the deed, it is not evidence on a question of this kind to affect the rights of the grantee in the prior deed; but the payment must be shown independently of the recital in the deed. As to such grantee, the recital is hearsay, and none the less so because in writing, and

there is no reason why it should be evidence against a party who has no connection with the deed. *Lloyd* v. *Lynch,* 28 Pa. 419, 70 Am. Dec. 137, 140; 1 Perry on Trusts (5th ed.) section 219, cited in *Lamar* v. *Hale, supra; Henry* v. *Raiman,* 1 Casey (Pa), at p. 360, 64 Am. Dec. 703; *Snelgrove* v. *Snelgrove,* 4 Desaussure, 287; Note in *Basset* v. *Nosworthy,* Vol. 2, Pt. 1, White & Tudor's Lead. Cas. in Eq. 100.

Neither the evidence introduced by the plaintiff nor that offered by him which the court rejected, tended to prove that he had paid a valuable consideration for the land.

If the deed referred to in the declaration be not considered as a part of the record, then it does not appear that the plaintiff and defendant traced title to a common source, and the burden was upon the plaintiff to trace his title to the commonwealth, or in some other manner show that he was entitled to the possession of the land sought to be recovered as against the defendant. See *Leftwich* v. *City of Richmond,* 100 Va. 164, 40 S. E. 651; *Suttle* v. *R. F. &c. R. Co.,* 76 Va. 284; *Rhule* v. *Seaboard &c. Ry.* 102 Va. 343, 346, 46 S. E. 331; *Tapscott* v. *Cobbs,* 11 Gratt. 172.

The evidence offered by the plaintiff to sustain the issue on his part, if the court had permitted it all to go to the jury, would not have shown that he had title to the land in controversy, nor would it have shown that he had any right to the possession thereof as against the defendant. The verdict was, therefore, plainly right upon the evidence before the jury, and no other verdict could have been properly found upon the evidence offered by the plaintiff if the court had permitted it all to go to the jury. This being so, it is wholly unnecessary to consider the question, whether or not the court erred as to the admissibility of the rejected evidence.

Neither is it necessary to consider the question, whether the court erred in giving the instruction set out in the plaintiff's third bill of exception, because, as we have already seen, the

plaintiff, in no view of the case which he made, or offered to make, was entitled to recover, and therefore could not have been prejudiced by the instruction. *Wright* v. *Bank,* 96 Va. 728, 32 S. E. 459, 70 Am. St. 889, and cases cited.

During the trial of the case, and before the jury had retired to consider of their verdict, in reply to the direct question of the plaintiff's counsel as to what the court would do if the jury found a verdict for the plaintiff after the parol evidence had been excluded, the judge replied from the bench that he would set aside the verdict. This action of the court is assigned as error.

If this was error, it was invited by the plaintiff, and he will not be permitted to complain of it here, especially as it did him no injury. *N. & W. Ry. Co.* v. *Mann,* 99 Va. 180, 37 S. E. 849.

We are of opinion that the judgment complained of should be affirmed.

*Affirmed.*