Statement.

# Richmond.

TAYLOR v. BALTIMORE AND OHIO RAILROAD CO.

November 19, 1908.

1. INSTRUCTIONS—*Directing Verdict—Harmless Error.*—The fact that the trial court practically directed a verdict for the defendant (which is not in accord with the practice in this State) is immaterial where it appears that the plaintiff was not entitled to recover in any view of the case, as he could not have been prejudiced by the instruction.

2. RAILROADS—*Rules—General Custom—Evidence.*—Where the rules of defendant railroad company deny to its freight conductor authority to employ help, evidence as to the existence of a contrary custom among other railroad companies is properly excluded.

3. RAILROADS—*Authority of Conductor—Contracts for Company.*—The authority of a conductor ordinarily extends to the control of the movements of his train, and to the immediate direction of the employees engaged in operating the train. His authority does not ordinarily extend to making contracts on behalf of the company. He is to administer the rules of the company rather than make contracts for it.

4. RAILROADS—*Authority of Conductor—Employment of Assistants—Request for Assistance—Volunteers—Master and Servant.*—A mere request by a conductor of a freight train of an acquaintance to perform a casual service for his accommodation, which is responded to in the same spirit of good-fellowship, without either promise or expectation of reward, does not constitute the person requested a servant of the railroad company, and it is not responsible for an injury inflicted on him in consequence of a defect in an appliance used by him while assisting the conductor. A volunteer cannot charge a railroad company with the duty of an employer.

Error to a judgment of the Circuit Court of Rockbridge county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

VOL. CVIII—52.

The opinion states the case.

*Glasgow & White,* for the plaintiff in error.

*Bumgardner & Bumgardner* and *E. M. Pendleton,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

The plaintiff gives substantially the following version of the happening of the accident which caused the injury for which he demands damages: As he was passing a freight train of the defendant in error, unloading freight from a siding into its wareroom at East Lexington, the conductor called out to him: "Jump up here, Bill, and help me check this out. I am late, and my men are out of place." He complied with the request, and in pushing a truck across the gang plank from the door of the wareroom to the door of the car for the first load, the gang plank tilted, precipitating him to the ground, a distance of several feet, and the heavy truck falling upon his hand cut it off. He ascribes the accident to the circumstances that the door of the car was not precisely opposite the wareroom door, and that the sill of the latter was worn from use and uneven. He moreover insists that by reason of what passed between him and the conductor the relation of master and servant was established; and the master was guilty of actionable negligence in failing to exercise ordinary care to provide him with a reasonably safe place in which to work.

The declaration avers that the conductor had authority to engage the services of the plaintiff for the purpose indicated; and that the plaintiff, for the benefit of the defendant, "as a matter of accommodation," complied with the resquest.

The trial court instructed the jury, that under the allegations of the declaration and proof, the plaintiff was a mere volunteer, and that the defendant owed him no other duty than that of not inflicting willful injury upon him.

There was a verdict and judgment for the defendant, which judgment we are called on to review.

The pivotal question in the case, therefore, is: Did the relation of master and servant exist between the parties? If that question is to be answered in the negative, it matters not that the circuit court practically directed a verdict for the defendant (which it is conceded is not in accordance with the accepted practice in this State); for it is the well-settled rule of this court, that where it appears that the plaintiff is not entitled to recover in any view of the case, he cannot have been prejudiced by an erroneous instruction. *Leftwich* v. *City of Richmond,* 100 Va. 164, 40 S. E. 651; *Brock* v. *Bear,* 100 Va. 562, 42 S. E. 307; *Moore* v. *B. & O. R. Co.,* 103 Va. 189, 48 S. E. 887; *Bugg* v. *Seay,* 107 Va. 648, 60 S. E. 89, 1 Va. App. 723; *Hanger* v. *Com'th,* 107 Va. 872, 60 S. E. 67, 1 Va. App. 785.

On the trial, the book of rules of the company was introduced by the plaintiff, and it showed that freight conductors had no express authority to employ servants. The testimony of the superintendent of that division of the road also showed affirmatively that the conductor possessed no such authority.

In this connection it may be remarked that the court did not err in excluding evidence of the general rule and custom of railroads with regard to the authority of freight conductors, in their discretion, to employ help. The rule of this company denied that authority to its freight conductors, and, hence, it could not be bound by proof of the existence of a contrary custom among other railroads. It is true that such authority may arise either from express delegation or, by implication, from necessity; but in this instance, as we have seen, an express grant of authority is disproved, and agency from necessity is neither averred nor shown.

In Elliott on Railroads, the author says: "The authority of the conductor ordinarily extends to the control of the movements of his train, and to the immediate direction of the movements of the employees engaged in operating the train. * * *

His authority does not, ordinarily, extend to making contracts on behalf of the company, but there may be cases of urgent emergency where he may make a contract for the company. He is to administer the rules of the company rather than make contracts for it. * * * The conductor has no general authority to make contracts on behalf of the company, but he may in rare cases of necessity, when circumstances demand it, bind the company by such contracts as are clearly necessary to enable him to carry out his prescribed duties." . 1 Elliott on Railroads (2nd ed.), sec. 302.

The same author, on the subject of "Volunteers," declares that "the overwhelming weight of authority sustains the doctrine that a volunteer cannot charge a railroad with the duty of an employer." 3 Elliott on Railroads (2nd ed.), sec. 1305.

In the case of *Vassor* v. *A. C. L. R. Co.*, 142 N. C. 68, 54 S. E. 849, 7 L. R. A. (N. S.) 950, the Supreme Court of North Carolina, in an able opinion abundantly sustained by authority, holds that where the "plaintiff boarded the defendant's local freight train, and asked the conductor in charge if he could come back with him the next day on his train, and the conductor replied that he could, and that he was to help unload and load freight, and plaintiff boarded the train on the next day, was discovered by some of the trainmen, and was injured by the explosion of the engine shortly thereafter, the conductor had no authority to employ the plaintiff as a servant or permit him to work his passage on the train, and hence the carrier owed plaintiff neither the duty of a passenger nor employee."

So, in *Railway Co.* v. *Propst*, 85 Ala. 203, 4 South. 711, 38 Am. & Eng. R. Cas. 11, where the conductor requested the plaintiff, a passenger, to assist in coupling a car, accosting him thus: "Will, come here and make this coupling for me;" the court said: "Such order or direction as averred is entirely without the routine of the conductor's duties and could not, by its abuse, fasten a liability on the railroad corporation.

\*    \*    \*    More is essential than a mere order or request to couple cars at one time and place, or doing a single act, to constitute an employment within the scope of the implied authority of the conductor. It must be to render service to some extent continuous in its nature."

Our attention has been called to other authorities of like import, but those to which we have referred sufficiently illustrate the principle under consideration.

We are satisfied from the pleading and evidence, not only that the freight conductor had no authority to create the relation of master and servant between the company and the plaintiff, but also that he had no intention of establishing any contractual relations between them. On the contrary, it is obvious that what occurred amounted merely to a request by the conductor of an acquaintance to perform a casual service for his accommodation, which was responded to in the same spirit of good-fellowship, without either promise or expectation of reward.

There are additional grounds of objection suggested which render the plaintiff's right to a recovery extremely doubtful, but the view already presented is conclusive of the case, and renders the discussion of other questions unnecessary.

We find no reversible error in the record, and the judgment must be affirmed.

*Affirmed.*