# Staunton.

## HARRISON HALE v. COMMONWEALTH.

### September 20, 1923.

. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Necessity of Indictment—Record of the Delivery of the Indictment by Grand Jury in Open Court.*—Where it does not appear from the record on appeal that the indictment upon which the trial was had was delivered by the grand jury in open court and the fact recorded, according to the settled doctrine on the subject in Virginia (*Cawood's Case*, 2 Va. Cas. (4 Va.) 527; *Price's Case*, 21 Gratt. (62 Va.) 846; *White's Case*, 29 Gratt. (70 Va.) 824; and *Simmons' Case*, 89 Va. 158, 15 S. E. 386), approved in the instant case, the indictment is invalid and the trial, in contemplation of law, is without any indictment, which is fatal to the validity of the verdict and judgment on such trial.

. VERDICT—*Criminal Law—Right of Jury to Consider Confinement of Accused under a Former Conviction which was Set Aside.*—A jury may properly take into consideration the previous punishment which the accused had already undergone under a former judgment, which had been judicially annulled as void at the time it was entered, and this not by virtue of any statute, but because it is fair and just to the accused for the jury so to do.

. VERDICT—*Criminal Law—Right of Jury to Consider Confinement of Accused under a Former Conviction which was Set Aside.*—In the instant case the court told the jury that they could not take into consideration in arriving at their verdict the previous punishment which accused had already undergone under a former judgment, which was judicially annulled as void as of the time at which it was entered, and, in substance, told them that the court could and would do so.

*Held:* Reversible error. The instruction was erroneous and prejudicial, as it caused the jury to fix a longer term for the confinement of the accused than they would otherwise have fixed.

. APPEAL AND ERROR—*Invited Error—Credit for Time Served under Former Conviction—Case at Bar.*—In the instant case accused was convicted of manslaughter and sentenced to two years' confinement in the penitentiary. Counsel for accused asked for an instruction that the jury should allow credit for the time the accused had pre-

viously served under a former sentence, which had been annulled and pronounced void from its inception. This the court refused to do. It was contended for the Commonwealth that the motion for the instruction to allow credit was made under Acts of 1920, p. 394, which by its terms is confined to sentences of confinement in jail and not in the penitentiary, and that this led the court into the error in question, and that the doctrine of invited error applied.

*Held:* That this doctrine had no application in the instant case. There was nothing in the record to show that the motion, asking the court to instruct the jury on the subject, was made under the statute mentioned. The accused was entitled to the instruction independently of any statute, and it cannot be assumed that counsel based the motion on the statute.

5.  SENTENCE AND PUNISHMENT—*Credit for Time Served under Former Conviction—Instructions.*—Where defendant has served time under a former conviction for the same crime, which has been annulled and pronounced void from its inception, the jury may properly take into consideration this previous punishment, and accused is entitled to a proper instruction on the point, although not to an imperative instruction to allow for the time served.

Error to a judgment of the Circuit Court of Dickenson county.

*Reversed and new trial granted.*

In this case the accused, Harrison Hale, was tried the second time upon an indictment charging him with the murder of one Corbett Ross.

[1] Upon the former trial there was a verdict, on July 3, 1920, finding the accused guilty of voluntary manslaughter and fixing his punishment at three years' confinement in the penitentiary, and, on July 16, 1920, judgment was entered accordingly. To that judgment a writ of error and supersedeas was obtained from this court on November 20, 1920, but, as provided in the order granting such writ, it did not operate to discharge the accused from custody. It did not appear from the record on the former appeal that the indictment upon which the aforesaid former trial was had was delivered by the grand jury in open court and the fact recorded.

That fact was made the basis of the first assignment of error in the petition for the writ of error on that appeal. According to the settled doctrine on the subject in Virginia (*Cawood's Case*, 2 Va. Cas. (4 Va.) 527; *Price's Case*, 21 Gratt. (62 Va.) 846; *White's Case*, 29 Gratt. (70 Va.) 824; and *Simmons' Case*, 89 Va. 158, 15 S. E. 386), the indictment was invalid and the said former trial, in contemplation of law, was had without any indictment.    This was fatal to the validity of the verdict and judgment on such trial.    Thereupon, on June 7, 1921, the case being upon the docket of this court, the Attorney-General, on behalf of the Commonwealth, under the authorities just cited, confessed error.  Whereupon, by order that day entered, this court reversed and annulled the said verdict and judgment on the first trial and remanded the case to the court below for a new trial.

The indictment upon which the verdict and judgment now under review were returned and entered was delivered by the grand jury in open court and the fact recorded on July 5, 1922.    Thereupon, a trial of the accused was had upon such indictment, which resulted in a verdict finding the accused guilty of voluntary manslaughter and fixing his punishment at two years' confinement in the penitentiary.

Meanwhile, as appears from the record before us, the accused had been confined in the penitentiary for some time under the aforesaid former conviction—precisely how long a time does not appear from the record before us.    It does appear, however, from such record that during the aforesaid second trial the accused moved the court to "instruct the jury to allow credit for the time the (accused) had previously served."  Thereupon the court declined to so instruct the jury, but stated, in the presence of the jury, "that the time which the (ac-

cused), Harrison Hale, had served in the previous conviction would be deducted by the court from any time given him by the jury in this case, and stated to the jury that it must render its verdict according to law and the evidence given in this case, without regard to anything that occurred in the former case."

Upon the return of the aforesaid verdict upon the second trial the accused moved the court, first, to set aside the verdict, and, second, to enter an order allowing the accused credit for the time served as aforesaid on the two years' confinement fixed by the last named verdict; and it is certified in the record before us that "the court, not being permitted by law to do so, refused to grant this motion or either of them, and the defendant excepted."

The court further certifies that at the time the motions last mentioned were made the accused filed the affidavit of two of the jurors (to which no objection seems to have been made), who were members of the jury that tried the accused upon said second trial, in which it is stated by such jurors that during such trial "the court stated to the jury that if the jury should find said Harrison Hale guilty of any offense and impose a punishment, that the court would deduct from the jury's verdict the time Harrison Hale had been confined in the penitentiary under a sentence for the same offense at a former trial. (That) the jury was told during the trial that said Harrison Hale had been confined for the period of one year and when the jury went to their room they fixed the punishment at two years, so that after deducting one year, the period the said Harrison Hale had served as aforesaid, then the said Harrison Hale would be confined in the penitentiary for a period of one year, which was all the time the jury intended for said Harrison Hale to be confined in the

penitentiary. (That) the jury would not have agreed to a verdict of two years, if the court had not stated to us that said Harrison Hale would only be punished for the period fixed by the verdict, less the time said Harrison Hale had previously been confined for said offense. (That) the said Harrison Hale has been done an injustice unless the said Harrison Hale receives credit on the two years from the time he has previously served for this offense."

*Chase & McCoy, Earl P. Rose* and *W. M. McLaughlin,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

In the view we take of the case, it will be necessary for us to consider only one of the questions raised by the assignments of error, and that is this:

[2, 3] 1. Did the action of the trial court with respect to the punishment, which is set forth above, constitute reversible error?

The question must be answered in the affirmative.

No question is raised before us, nor seems to have been raised in the trial court, as to the admissibility of the affidavit of the jurors. The position is taken in the petition of the accused that the affidavit was admissible, under the authority of *Moffett* v. *Bowman,* 6 Gratt. (47 Va.) 219, to show that the verdict was rendered under a mistake as to its legal effect. This position is not assailed by the Attorney-General.

That the jury might properly have taken into con-

sideration the previous punishment which the accused had already undergone under the former judgment— which had been judicially annulled as void as of the time it was entered—we think admits of no doubt; this not by virtue of any statute, but because it was but fair and just to the accused for the jury so to do. And when the court told the jury that they could not, and in substance, that the court could and would do this, the court erroneously instructed the jury as to the law. And we think that this error was prejudicial to the accused in that it caused the jury to fix a longer term for the confinement of the accused in the penitentiary than they would otherwise have fixed. The error was therefore reversible error.

In the brief of the Attorney-General attention is called to section 5019 of the Code, as amended by Acts 1920, p. 394, which is as follows:

"The term of confinement in jail or in the penitentiary for the commission of a crime shall commence and be computed from the date of the judgment; but any person who may hereafter be sentenced by any court or justice to a term of *confinement in jail* for the commission of a crime, or in default of the payment of a fine, shall have deducted from any such term all time actually spent by such person in jail awaiting trial, or pending an appeal, and it shall be the duty of the court or justice when entering the final order in any such case to provide that such person so convicted be given credit for the time so passed. No such credit, however, shall be given to any person who shall break jail or make an escape." (Italics supplied.)

[4] And the position is taken for the Commonwealth that the motion of the accused that the court instruct the jury to allow credit for the time the accused had previously served was made under the statute just

quoted, which does not provide for such an allowance where the time has been served in the penitentiary, but only where it has been served in jail. That this was an error made by counsel for the accused which led the court into the error in question, and the doctrine of invited error, as laid down in *Wolonter* v. *U. S. Casualty Co.*, 126 Va. 156, 167, 101 S. E. 58; *State* v. *Calhoun*, 67 W. Va. 666; 69 S. E. 1098; *Louisa County* v. *Yancey*, 109 Va. 229, 63 S. E. 452; *Bugg* v. *Seay*, 107 Va. 648, 60 S. E. 89, 122 Am. St. Rep. 877; *Levy* v. *Davis*, 115 Va. 814, 80 S. E. 791; and *N. & W. Ry. Co.* v. *Mann*, 99 Va. 180, 37 S. E. 849, is relied on as barring the accused from complaining of the aforesaid error of the court. We cannot see, however, that this doctrine has any application in the instant case. We find nothing in the record to show that the motion just mentioned, asking the court to instruct the jury on the subject, was made under the statute mentioned. We think that the accused was entitled to an instruction on the subject independently of any statute. We cannot assume, therefore, that counsel for the accused based the motion on the aforesaid statute. Nor do we think that the record shows that counsel based the motion after verdict, asking the court for the allowance of the credit of time, upon said statute. The more probable inference would seem to be that counsel made this motion merely to bring the accused within the terms of the previous assurance given by the court that the credit of time asked for would be given by the court after verdict, so as to have the record show that the accused was in fact prejudiced by said previous assurance, when, after verdict, it was found that the statute did not permit the court to carry out its promise, and the court for that reason (and, hence, properly) did not carry it out. We suppose that at the time the latter motion was made both the court

and counsel for the accused had referred to the statute and found that the court had no authority in the premises. The harm was done, however, not when this motion was made, but during the trial, when the motion for the instruction to the jury on the subject was made; and we do not think that the record shows that the error which the court made at that time was invited by counsel for the accused.

[5] 2. It must not be understood that we mean that the court should have given an imperative instruction to allow for the time served. Indeed, the action of the court in refusing to give the instruction is not assigned as error, and hence is not a subject which is before us, except incidentally. But, as it is thus before us, and, as the request for instruction on the point is likely to be made on another trial, we feel that we should say that, if so asked for, a proper instruction on the point should be then given.

3. The other questions raised by the other assignments of error are all of such character that they are not likely to arise on another trial, so that it is unnecessary for us to deal with any of them.

For the reasons stated above, the verdict must be set aside, the judgment under review annulled, and a new trial will be granted.

*Reversed and new trial granted.*