# Richmond.

## T. I. ELGIN, ET ALS. V. J. H. DEHART, ET ALS.

### March 18, 1926.

1. MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personalty—Sufficiency of Description of Parties.*—Where in a deed of trust the names of the parties are fully set out, and they, by the aid of inquiries the paper itself suggests, could be fully identified, the parties to the instrument are sufficiently identified.

2. MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personalty—Sufficiency of Description of Property Conveyed.*—As to the description of the property conveyed in a deed of trust, the rule as to third parties is that the deed of trust must point out the subject matter so that third persons may identify the property covered by the aid of such inquiries as the instrument itself suggests.

3. MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personalty—Sufficiency of Description of Property Conveyed—Case at Bar.*—In a deed of trust of farming implements and stock there was a general description of the implements, for example, one tractor with double disc plows, two mowing machines, etc., all situate and being on the "Roundabout Farm" about two miles west of Martinsville, Va. In describing the live stock, the number, kind and sex were given in each instance, when the animals were not mature the age was given in each instance, and in describing the horses the color, age and weight are given, and all stated to be on "Roundabout Farm" about two miles west of Martinsville, Va. Moreover, the deed of trust showed that all this personal property was in the possession of the grantors.

   *Held:* That the description was sufficient.

4. MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personalty—Description of Property—Situs of the Property.*—A statement of the exact situs of the property is of great service in identifying it, and it is enough that the location of the property may be determined by fair inference drawn from the entire instrument.

5. MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personalty—Description of Property—Agricultural Communities.*—In agricultural communities a statement that the mortgaged property is in possession of the mortgagor in a certain county has been held a sufficient description. And this is particularly true of animals where they are

described by some of their characteristics, such as age, color, height, sex and weight, etc.

6.  MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personalty—Description of Property—Constructive Notice.*—A deed of trust or mortgage conveying chattels, when recorded, is constructive notice to third persons, if the description in the deed or mortgage is such as will enable them to identify the property, aided by the enquiries which the deed or mortgage itself indicates and directs.

7.  MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personalty—Description of Property—Case at Bar.*—In the instant case judgment creditors attacked a prior deed of trust of the debtor on the ground that the description of the property in the deed of trust was insufficient. The sheriff levied the execution of the judgment creditors upon the identical property conveyed by the deed of trust. He went upon the farm mentioned in the deed of trust as the situs of the property described, found in the possession of the grantor in the deed of trust and levied, as his return shows, upon the property described in the deed of trust.

    *Held:* That this was a practical demonstration that the description of the property in the deed of trust was sufficient.

Appeal from a decree of the Circuit Court of Henry county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Jno. R. Smith,* for the appellants.

*F. P. Burton, S. A. Thompson* and *J. M. Hooker,* for the appellees.

CHICHESTER, J., delivered the opinion of the court.

The real contest in this case is between creditors of T. I. Elgin, whose debts are evidenced by notes (aggregating, exclusive of interest, $4,272.54), secured by deed of trust on certain personal property, on the one hand, and I. C. Dehart and J. H. Dehart, judgment creditors, on the other.

The exact question at issue is whether the description of the personal property, conveyed by the deed of trust to secure the creditors therein named, is sufficiently clear to identify the same and to constitute notice to third persons.

The deed of trust was duly recorded on December 24, 1924, and the judgment was obtained at the January term of the circuit court, 1925. Execution issued on the judgment and was levied on the identical personal property conveyed by the deed of trust, and a sale was about to be had under the execution. A bill in chancery was filed in the circuit court by T. I. Elgin, his wife, the deed of trust creditors and the trustee against the judgment creditors, I. C. Dehart and J. H. Dehart, and H. L. Turner, the sheriff who levied the execution, praying an injunction to enjoin the sale. A temporary injunction was awarded.

The defendant filed a demurrer which was not pressed or passed upon, and an answer which alleged fraud, in that the debts were not *bona fide* debts, and that the description of the chattels conveyed by the deed of trust was insufficient to constitute constructive notice to third persons.

The complainant creditors clearly established and proved their debts, and no evidence was even offered in support of the allegation of fraud.

The trial court decided the remaining issue against complainants, by decree, as follows:

"And the court being of the opinion that the rights of the parties are not fully and completely set forth in the deed of trust set up in the bill of complaint, and further that the description of the property therein conveyed is not sufficient, and for these reasons the said deed of trust is null and void, and the court doth so decide and declare. And the court doth ad-

judge, order and decree that the injunction awarded in this cause be and the same is hereby dissolved. And the defendants recover of the plaintiffs their costs in this behalf expended."

Thus the court held that the description of the parties and the chattels was insufficient.

From this decree an appeal was duly allowed.

The deed of trust referred to is as follows:

"This deed, made this December 24, 1924, between Thomas I. Elgin and J. L. Elgin, parties of the first part, and John R. Smith, trustee, party of the second part, Witnesseth: That the said parties of the first part do here grant and convey unto the said party of the second part the following property, to-wit:

"1 large hay press, 1 tractor with double disc plows, 2 mowing machines, 1 wheat drill, 1 hay rake, 1 set of blacksmith's tools, 1 oil tank, 1 wood saw, 1 manure spreader, 1 riding cultivator, 1 electric pump, 2 two-horse wagons, 1 ensilage cutter, 1 Ford car, 1 Ford truck, 1 Chevrolet Truck, 1 double disc harrow, 1 peg tooth harrow, 1 set floor scales, 1 set wagon scales, 33 milk cows, 1 bull, 12 two year old heifers, 6 one year old heifers, 3 black male horses 12 years old weighing 1100 pounds, 4 brood sows, 1 Bell piano, 1 Victrola, 1 iron safe, 75 tons of hay, 500 bushels of corn, all situate and being on the Roundabout Farm about two miles west of Martinsville, Va.

"In trust to secure the following debts: A note due Tyler T. Elgin of $1,051.54 with interest from August 14, 1918. A note due A. D. Short of $1,500.00 with interest from January 1, 1920, with a credit of $250.00. A note due Tyler T. Elgin of $300.00 with interest from May 11, 1920, with a credit of $100.00.

A note due J. C. Short of $246.00 with interest from April 2, 1924. A note due A. R. Short of $425.00 with interest from November 14, 1924. A note due Bertha Robertson of $650.00 with interest from March 5, 1924.

"In the event that default shall be made in the payment of any of the above named notes as they become due, or in the event of the failure of the said parties of the first part to pay them on demand of the holders thereof, then at the request of the said holders the said trustee shall sell the property here conveyed at public auction on the premises, after advertising the sale for thirty days by handbills so posted and distributed as to give general publicity, for cash sufficient to pay the debts herein secured, including a trustee's commission of five per cent and the cost of preparing and recording this deed and as to the remainder of the or in case of their failure to direct on such terms as the trustee shall think proper.

"The parties of the first part agree to pay all taxes and assessments on the property here conveyed so long as the same shall remain in their possession, and further waives the benefit of their homestead exemption as to the debts herein secured.

"If no default shall be made in the payment of any of the above debts on demand, then upon the request of the parties of the first part a sufficient deed of release shall be executed to him at his cost.

"Witness the following signatures and seals this December 24, 1924.

"THOMAS I. ELGIN, (Seal)
"JULIA T. ELGIN, (Seal)

This deed was duly acknowledged and recorded December 24, 1924.

Thus it will be seen that so far as the farming imple-
ments are concerned there is the general description
of the implement, for example, one tractor with double
disc plows, two mowing machines, etc., all situate and
being on the "Roundabout Farm" about two miles
west of Martinsville, Va. When it comes to a descrip-
tion of the live stock, the number, kind and sex is
given in each instance; when the animals are not
mature the age is given in each instance, and in describ-
ing the horses the color, age and weight are given, and
all stated to be on "Roundabout Farm" about two
miles west of Martinsville, Va. Moreover, the deed of
trust shows that all this personal property is in the
possession of Thomas I. Elgin and J. L. Elgin, his
wife, the grantors.

[1] There can be no question but that the parties
to the instrument are sufficiently identified. Their
names are fully set out therein, and by the aid of
inquiries the paper itself suggests, they could be fully
identified. This is all that is necessary. 6 Cyc. 1022,
VI A.

[2, 3] As to the description of the property conveyed,
the rule as to third parties is that the deed of trust
must point out the subject matter so that third per-
sons may identify the property covered by the aid
of such inquiries as the instrument itself suggests.
6 Cyc. 1022, VI B. Measured by this rule, we think
it cannot be doubted that the description of the chat-
tels, covered by the deed of trust under review here,
is sufficient. As stated, in addition to the general
description as to all the property, and in some in-
stances a very specific description, all is stated to be
on "Roundabout Farm" about two miles west of
Martinsville, Va., and in possession of the grantors.

[4] A statement of the exact situs of the property

is of great service in identifying it, and it is enough that the location of the property may be determined by fair inference drawn from the entire instrument. 6 Cyc. 1024, and cases cited in support of the text. The deed of trust under consideration gives not only the specific situs of the property, but by inference states that it is in possession of the grantors.

[5] In agricultural communities a statement that the mortgaged property is in possession of the mortgagor in a certain county has been held a sufficient description. 6 Cyc. 1025. And this is particularly true of animals where they are described by some of their characteristics, such as age, color, height, sex and weight, etc., 6 Cyc. 1030.

[6] In *Hardaway* v. *Jones*, 100 Va. 481, 41 S. E. 957, this court, speaking through Judge Buchanan, said: "The general rule upon this subject, as stated by the text writers, and which seems to be sustained by the weight of decided cases, is that a deed of trust or mortgage conveying chattels, when recorded, is constructive notice to third persons, if the description in the deed or mortgage is such as will enable them to identify the property, aided by the enquiries which the deed or mortgage itself indicates and directs. Jones on Mortgages, sec. 238. See note to *Barrett* v. *Fisch* [41 N. W. 310, 76 Iowa 552], 14 Am. St. Rep., 238, 239, and cases cited."

In that case the description of the property was held insufficient, as it clearly was, but the court distinguishing the case under review from cases where the description was held sufficient, said: "A mortgage which described the property as one black mule six years old in mortgagor's possession in White county, Ark., has been held sufficient," as also was the description, "one span of heavy dark bay mules," all kept on

the premises of the mortgagor, whose residence was stated.

In *Williamson* v. *Payne*, 103 Va., at p. 555, 49 S. E. 660, 662, Judge Whittle, speaking for the court, said: "The recordation of a deed which furnishes a stranger with the obvious means of identifying property, which these deeds afford, does give constructive notice.

"The registry of the deeds in question affected Cassell with constructive notice of the following facts: That his debtors resided in the county of Henry; that they had conveyed their property to trustees, in trust, to secure the debts described in the deeds; that the trustees and creditors were all residents of the town of Martinsville; that the property constituted part of a sawmill outfit which belonged to his debtors, and that the whole of it was in that county and in possession of the grantors.

"The written description of personal property in mortgages, taken alone, rarely furnishes strangers adequate means of identifying the property, and information thus imparted must usually be supplemented or aided by extraneous inquiry."

There is nothing in the description of the property conveyed in the *Williamson Case* which can be considered more definite than the description of the property in the instant case, except the residence of the beneficiaries, but as their names were fully set out, they were ascertainable upon inquiry, as the names and residences of the grantors were given.

[7] But in addition, in the instant case, we have a practical demonstration that the description of the property was sufficient. The sheriff levied the execution upon the identical property conveyed by the deed of trust. He went upon the "Roundabout Farm," owned by the defendant, Elgin, found in his possession

and levied upon, as his return shows, the following property: 1 large hay press, 1 tractor with double disc plows, 2 mowing machines, 1 wheat drill, 1 hay rack, 1 set blacksmith tools, 1 oil tank, 1 wood saw, 1 manure spreader, 1 riding cultivator, 1 electric pump, 2 two horse wagons, 1 ensilage cutter, 1 Ford car, 1 Ford truck, 1 double disc harrow, 1 peg tooth harrow, 1 set floor scales, 1 set wagon scales, 33 milk cows, 1 bull, 12 two year old heifers, 6 one year old heifers, 3 black horses, 4 brood sows, 15 shoats, 1 Bell piano, 1 Victrola, 1 iron safe, 75 tons of hay, 500 bushels of corn, the property of T. I. and Julia L. Elgin, February 2, 1925.

For the foregoing reasons we think the injunction should have been perpetuated and costs awarded against respondents. The decree of the circuit court is, therefore, reversed, and this court will enter such decree as in its opinion the trial court should have entered.

*Reversed.*