# Richmond.

## E. L. KLINGSTEIN v. B. E. VAUGHAN, TRUSTEE.

### November 17, 1927.

1. DEEDS—*Mortgages and Deeds of Trust—Chattel Mortgages— Description of Property—Extrinsic Evidence to Identify Property.*—In deeds and deeds of trust it is not necessary, in fact in many cases it is impossible, to so describe the property that it can be identified by the words or names used in the deed by its mere inspection, without the aid of extrinsic evidence. It is, therefore, permissible, and in most cases necessary, to resort to parol evidence to identify the property mentioned in the deed, even where it has been minutely described.

2. CHATTEL MORTGAGES—*Deed of Trust—Description of Property—Automobile—Case at Bar.*—In the instant case a deed of trust described the Studebaker coupe which it conveyed to the trustee as being "now in the possession of said Sheridan in the town of Lexington;" and it was conceded that the new Studebaker coupe, which defendant in the instant case was contending for, was the same car which Sheridan had *in his possession* at the time the trust deed was executed, the same being at that moment parked by him in front of the bank where the deed was executed. The old Studebaker coupe which Sheridan had owned was in the possession of a garage, and Sheridan under his contract for the purchase of the new car was to have it painted and delivered to the seller of the new car. Defendant by inquiring which Studebaker coupe was in Sheridan's possession at the time the deed of trust was executed could have ascertained the identity of the car referred to in the deed.

   *Held:* That under these circumstances the deed of trust was constructive notice to defendant that the title to the new car was vested in the trustee in the deed of trust. Besides, it appeared that defendant had actual notice of the identity of the car conveyed by the deed of trust before he purchased it.

3. APPEAL AND ERROR—*Error in Instructions—Where no other Verdict could have been Rendered.*—Where a careful examination of the record satisfied the appellate court that the jury could not, under the evidence, have properly rendered a verdict in favor of the defendant, it follows that, where the verdict was for plaintiff, the trial court's errors in granting and refusing instructions, if any, were without prejudice to the defendant, plaintiff in error.

4.  SALES—*Automobiles—Completion of Sale—Case at Bar.*—In the instant case, a contest over the title to an automobile, the uncontradicted evidence showed that the terms of the contract of sale of the automobile between the seller and buyer were agreed upon in every detail. The seller agreed to sell and the buyer agreed to purchase a new Studebaker coupe, to be paid for by the purchaser delivering to the seller a Ford coupe, an old Studebaker coupe repainted, and by the payment of the residue one-third in cash and two notes, in equal sums, for the remaining two-thirds. The buyer paid more than one-third in cash, turned in the Ford coupe, but failed to deliver the old Studebaker coupe repainted, or to deliver the notes for the deferred payments. The seller delivered the new Studebaker coupe to the purchaser, the only condition of the sale being that the purchaser was to bring them within a reasonable time the old Studebaker coupe and to give them the notes for the balance. The seller reserved the title to the car to secure the portion of the purchase price which the buyer had not paid, but there was no contract in writing touching the conditional sale or reservation of title.

    *Held:* That the title to the car passed to the purchaser.

5.  CONTRACTS—*Meeting of Minds—Completed Contract.*—Where the minds of the parties to a contract have met upon the terms of the contract, the contract is complete and is irrevocably binding upon both parties.

6.  CONDITIONAL SALES—*Reservation of Title—Contract must be in Writing and Filed for Docketing with the Clerk of Court.*—Under section 5189 of the Code of 1919, a contract of conditional sale or reservation of title not in writing and not filed for docketing with the clerk of the county or corporation court is void as to a purchaser or trustee in a deed of trust who had no notice of the terms of sale.

7.  CONDITIONAL SALES—*Reservation of Title—Contract must be in Writing and Filed for Docketing with the Clerk of Court.*—Section 5189 of the Code of 1919, requiring that agreements for conditional sales or reservations of title shall be in writing and filed for docketing with the clerk of the county or corporation court, applies with equal force to "contracts for the sale," and the "sale" of goods and chattels, where the contest is between a purchaser from the vendor and a third party, as in the instant case, and the cases touching the distinction between executory and executed contracts of sale as determined by the intention of the parties are not in point.

Error to a judgment of the Circuit Court of Rockingham county in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*D. W. Earman* and *Chas. A. Hammer*, for the plaintiff in error.

*J. M. Perry* and *Geo. S. Harnsberger*, for the defendant in error.

WEST, J., delivered the opinion of the court.

B. E. Vaughan, trustee, plaintiff, recovered against E. L. Klingstein, defendant, a judgment for $1,600, which is now before us for review.

On November 22, 1923, Leo G. Sheridan, a defaulting cashier of the First National Bank of Lexington, Lexington, Virginia, executed a deed of trust conveying all of his personal property to B. E. Vaughan, trustee, to secure the payment of the amount he owed the bank. Among the specific property conveyed was "one Studebaker coupe, now in the possession of said Sheridan, in the town of Lexington." The deed also conveyed "all of the tangible personal property of every kind and description belonging to the said Sheridan, whether in the town of Lexington, or county of Rockbridge, Virginia."

This deed was duly recorded in the clerk's office of Rockbridge county on November 24, 1923.

The Studebaker coupe, described in the deed, is referred to in the record as a Studebaker coach, or coupe, and was purchased by Sheridan from C. E. Straub & Sons, of Lexington, about five weeks before he executed the deed of trust. Sheridan had been using this car for more than a month and rode down to the bank in it on November 22, 1923, and it was parked in front of the bank while the trust deed was being prepared and executed.

According to the uncontradicted testimony of C. E. Straub, of C. E. Straub & Sons, the terms of the contract between his firm and Sheridan were these: Straub & Sons agreed to sell Sheridan the Studebaker coupe for $2,750, to be paid in cash, trade and notes as follows: Sheridan was to have the Studebaker coupe, which he already owned, painted and turn it in at $950; turn in his Ford coupe at $150; and pay one-third of the balance in cash and give his two notes, payable in sixty and ninety days, respectively, each for one-third of such balance. Sheridan paid $827 in cash on the purchase price and delivered the Ford coupe to Straub & Sons, and they delivered the new car to him. Sheridan did not refuse to give the notes for the deferred payments, but told them to see him later. The old Studebaker coupe was at the Sheridan Transfer Company's garage in Lexington, but he did not have it painted, nor deliver it to Straub & Sons on the purchase price of the new car. The new Studebaker coupe was sometimes stored at the Rockbridge garage, but usually it was kept at night at Straub & Sons' garage, and it was there when Sheridan was taken into custody by the Federal authorities and convicted and sent to the penitentiary at Atlanta.

Straub & Sons claim that there was never a completed sale of the new Studebaker coupe to Sheridan and that the title to it was at all times vested in them, and on January 24, 1924, they sold the car to the defendant, E. L. Klingstein for $1,600.

At the time he purchased the car, Klingstein had both actual and constructive notice that B. E. Vaughan, trustee, claimed the legal title to the car under the deed of trust of November 22, 1923.

Klingstein refused to surrender the possession of the car, and in January, 1927, B. E. Vaughan, trustee,

brought action against him for its value and recovered the judgment for $1,600 here complained of.

Klingstein, plaintiff in error, called defendant, makes three assignments of error: The action of the court, (1) in refusing to give two instructions offered by the defendant, (2) in giving the instructions tendered by the plaintiff, and (3) in refusing to set aside the verdict of the jury as contrary to the law and the evidence and grant the defendant a new trial, and in giving the jury improper instructions on its own motion.

Defendant's instructions refused:

(a). "The jury are instructed that even though they should believe from the evidence that Leo G. Sheridan owned two Studebaker coupes on the day that he made his assignment, November 22, 1923, and that he gave a deed of trust over one of them, that the description of the Studebaker coupe covered by said deed of trust must be sufficient to identify it as the one covered by the deed of trust."

(b). "The jury are instructed that if they believe from the evidence that the contract of sale between Straub and Son and Leo G. Sheridan for the sale of the new Studebaker coach or coupe was not closed, and that the title to said car did not pass to Sheridan, then they must find for the defendant."

Plaintiff's instructions granted:

1. "If the jury believe from the evidence that Straub and Son agreed to sell the car in question to Sheridan at $2,775, to be paid with one second hand Ford and one second hand Studebaker automobile, at a valuation of $150 and $950, respectively, and $827 in cash, and Sheridan's notes for the balance; that Sheridan paid the $825 and delivered the Ford, but did not deliver the Studebaker or his notes; that Straub and Son delivered the car to Sheridan on condition that he would settle

the balance of the purchase money as above stated; that while Sheridan was in possession of the car he included it in his deed of assignment to Vaughan, trustee; that afterwards Straub and Son sold the car to Klingstein at $1,600, and that before Klingstein paid his purchase price he had notice that Vaughan, trustee, or the First National Bank of Lexington claimed the car; then the jury should find for the plaintiff."

2. "If the jury believe from the evidence that Straub & Sons, in selling the car in question to Sheridan, retained title to the car, but did so in order to secure the remaining purchase price, namely, the delivery to them of the second hand Studebaker coupe, repainted, and Sheridan's two notes for the money balance, and that no written agreement to that effect was made with and signed by Sheridan, then the court instructs the jury that such retention of title was void as to Vaughan, trustee, and he took title to the car free of any claim of Straub and Son."

3. "The court instructs the jury that in November, 1923, it was not necessary for a dealer to give the purchaser a bill of sale when a car was sold by him, and even if such purchaser failed to register his automobile with the State authorities, that fact did not affect the title."

The following instruction was given by the court on its own motion:

"The court instructs the jury that under the evidence and the law in this case the deed of trust of November 22, 1923, executed by Sheridan to Vaughan, trustee, must be construed as embracing the Studebaker coupe sold to Klingstein and at the time of the sale of said automobile to Klingstein by Straub & Sons, they, Straub & Sons, had no title or interest in it, and Klingstein now has no title or interest in it."

[1] In *Hardaway* v. *Jones*, 100 Va. 481, 483-4, 41 S. E. 957, 958, this is said: "It seems to be equally well settled that it is not necessary, in fact in many cases it is impossible, to so describe the property that it can be identified by the words or names used in the deed by its mere inspection, without the aid of extrinsic evidence. It is, therefore, permissible, and in most cases necessary, to resort to parol evidence to identify the property mentioned in the deed, even where it has been minutely described."

In *Elgin* v. *DeHart*, 144 Va. 318, 132 S. E. 325, the court quoting with approval from *Williamson* v. *Payne*, 103 Va. 555, 49 S. E. 662, says: "The recordation of a deed which furnishes a stranger with the obvious means of identifying the property, which these deeds afforded, does give constructive notice. The written description of personal property in mortgages, taken alone, rarely furnishes strangers adequate means of identifying property, and information thus imparted must usually be supplemented or aided by extraneous inquiry."

[2] The deed of trust described the Studebaker coupe which it conveyed to Vaughan, trustee, as being "now in the possession of said Sheridan in the town of Lexington;" and it is conceded that the new Studebaker coupe, which Klingstein is contending for, is the same car which Sheridan had *in his possession* at the time the trust deed was executed, the same being at that moment parked by him in front of the bank.

The old Studebaker coupe was then in the possession of the Sheridan Transfer Company, at its place of business in Lexington, and under the terms of the sale, the title thereto was vested in C. E. Straub & Sons.

The Sheridan deed of trust gave notice to all parties that the Studebaker coupe therein conveyed was in the possession of Sheridan at the time the deed was execu-

ted. This enabled Klingstein, by inquiring which Studebaker coupe was in Sheridan's possession at that time, to ascertain and identify the car referred to in the deed. Under these circumstances the deed was constructive notice to Klingstein that the title to the car was vested in Vaughan, trustee. Besides, as appears, *supra*, Klingstein had actual knowledge of the identity of the car before he paid for it.

[3] A careful examination of the record satisfies us that the jury could not, under the evidence, have properly rendered a verdict in favor of the defendant. It follows, therefore, that the court's errors in granting and refusing instructions, if any, were without prejudice to the plaintiff in error.

In *Taylor* v. *B. & O. R. Co.*, 108 Va. 819, 62 S. E. 799, the court said: "It is the well settled rule of this court, that where it appears that the plaintiff is not entitled to recover in any view of the case, he cannot have been prejudiced by an erroneous instruction." *Leftwich* v. *City of Richmond*, 100 Va. 164, 40 S. E. 651; *Brock* v. *Bear*, 100 Va. 562, 42 S. E. 307; *Hanger* v. *Commonwealth*, 107 Va. 872, 60 S. E. 67.

[4, 5] According to the uncontradicted evidence of C. E. Straub, the terms of the contract of sale between C. E. Straub & Sons and Sheridan were agreed upon in every detail. Straub & Sons agreed to sell and Sheridan agreed to purchase the new Studebaker coupe at $2,750, to be paid by delivering to Straub & Sons the Ford coupe at $150, the old Studebaker coupe, repainted, at $950, and by the payment of one-third of the residue in cash and executing his two notes, in equal sums, for the remaining two-thirds, payable in sixty and ninety days, respectively. The minds of the parties having met upon the terms of the contract, it was complete and was irrevocably binding upon both parties.

Sheridan paid $827 (more than the one-third) in cash, turned in the Ford coupe at $150, but failed to deliver the old Studebaker coupe repainted, at $950, or to deliver the notes for the deferred payments. Straub & Sons, pursuant to the terms of the contract, delivered the new Studebaker coupe to Sheridan, the only condition of the sale being that Sheridan was to bring them within a reasonable time after the sale was made this old Studebaker coupe and to give them the notes for the balance. Straub & Sons reserved the title to the car to secure the payment of that portion of the purchase price which Sheridan had not paid. There was no contract in writing touching the conditional sale or reservation of title. This contract, under the circumstances stated, was in violation of the terms of the statute (section 5189, Code of 1919), and is void as to Vaughan, trustee, who had no notice of the terms of the sale from Straub & Sons to Sheridan.

[6, 7] The statute provides as follows:  "Every sale, or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved until the same be paid for, in whole or in part, or the transfer of title is made to depend on any condition, where possession is delivered to the vendee, shall, in respect to such reservation and condition, be void as to creditors of the vendee who acquire a lien upon the goods as to purchasers from the vendee, for value, without notice, from such vendee, unless such sale or contract be evidenced by writing, signed by the vendor and the vendee  *  *  *  and unless said writing is filed for docketing with the clerk of the county or corporation *  * ."

The plaintiff in error refers to many cases touching the distinction between executory and executed contracts of sale as determined by the intentions of the parties.

In a contest between the vendor and vendee these authorities would be helpful, but, inasmuch as the statute (section 5189) applies with equal force to "contracts for the sale," and the "sale" of goods and chattels, where the contest is between a purchaser from the vendor and a third party, as in the instant case, these cases are not in point.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*