# Richmond

## James Curtis Weatherman v. Commonwealth of Virginia.

September 1, 1972.

Record Nos. 7941 and 7942.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*J. Grady Monday* (*Monday & Monday*, on brief), for plaintiff in error in Record Nos. 7941 and 7942.

*Robert E. Shepherd, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error in Record Nos. 7941 and 7942.

Per Curiam.

As a result of the issuance of a writ of habeas corpus, the defendant, James Curtis Weatherman, was tried a second time for the offenses of robbery and malicious wounding. The original trials were had in 1961 and the defendant was sentenced to serve 50 years in the State Penitentiary for robbery and 16 years for malicious wounding.

The retrials for these crimes were had in 1971 and again the defendant was convicted of both offenses. On the robbery charge he was sentenced to serve 40 years in the penitentiary and on the malicious wounding charge he was sentenced to serve 16 years.

In each new trial defendant tendered an instruction informing the jury that if they found defendant guilty, they might, in fixing punish-

ment, take into consideration the fact that defendant had already served ten years in the penitentiary. He assigned error to the court's refusal to grant these instructions.

The defendant relies upon *Hale* v. *Commonwealth*, 137 Va. 774, 119 S.E. 49 (1923) wherein this Court said such an instruction should be given, if requested by the defendant. However, when *Hale* was decided, Code § 5019 (now § 53-208) provided, in part, that when a defendant was sentenced to a term of *confinement in jail* he was entitled to credit for all time spent in jail awaiting trial or pending an appeal. The statute in this respect did not apply to a penitentiary sentence, which is what Hale received. Since *Hale*, this statute has been amended several times.

At the time these cases were retried, Code § 53-208 provided in part, as it does now, that, "[a]ny person who may be sentenced by any court to a term of confinement in the *penitentiary* * * * shall have deducted from any such term all time actually spent by such person * * * in jail or the *penitentiary* awaiting trial, or pending an appeal, * * *." [Emphasis added.] Further, under the statute it is the duty of the court when entering the final order to give credit "for the time so spent." In the cases at bar, the trial court did allow all credit to which the defendant was entitled.

Thus, in light of the statute, as amended, *Hale* is no longer applicable, and we hold that the trial court properly refused the proffered instructions.

The judgments will be affirmed.

*Affirmed.*