## CIRCUIT COURT OF ARLINGTON COUNTY

Hof Service Co.

v.

River Place North
Housing Corp.

October 7, 2002

Case No. (Chancery) 02-429

BY JUDGE WILLIAM T. NEWMAN, JR.

This case presents the question of whether a provision regarding a right of first refusal in the lease agreement is complete and unambiguous, or whether it is incomplete and ambiguous, and thus, extrinsic evidence is allowed to explain the provision. The plaintiff argues that the agreement is a complete integration and that the provision regarding the right of first refusal is clear and should be given its plain meaning and extrinsic evidence should not be allowed to explain its meaning. In opposition, the defendant argues that the lease agreement provision regarding the right of first refusal is ambiguous and extrinsic evidence should be allowed to explain the contract provision. For the reasons set forth below, the Court holds that the lease agreement provision concerning the right of first refusal is ambiguous and extrinsic evidence is allowed to explain the meaning and interpretation of the provision. After examination of the leases between the parties, the pleadings, and the evidence and hearing oral argument, the Court finds that the provision does not give Hof the right of first refusal.

## Facts

Complainant, Hof Service Co., has leased laundry rooms and provided laundry services to the respondent, River Place, since 1982. The 1982 lease gave Hof a right of first refusal in continuing to provide services after the lease expired.[1] In 1989, Hof exercised its right of first refusal under the 1982 lease. Another lease (the 1989 lease) was executed, which also gave Hof a right of first refusal at the expiration of the lease.[2] The 1989 lease was for a five year term, and it was extended until May 31, 1996. At the end of the term, River Place notified Hof that it would not renew, because it had contracted with a competitor, Macke Laundry Service. Hof sued, and this Court ruled that Hof should be given an opportunity to exercise the right of first refusal as provided in the 1989 lease. On March 21, 1997, Hof exercised its ability for right of first refusal with the competitor contract. The new lease (the 1997 lease) is identical to the lease between Macke and River Place, except that the name Hof is substituted for Macke throughout the lease. Paragraph 22 in the 1997 lease states: "[t]he terms contained in this lease shall be subject to Hof Laundry Systems' right of first refusal." By letter dated April 1, 1997, River Place informed Hof that paragraph 22 was not a right of first refusal for Hof, but it was only inserted for purpose of mirroring the Macke offer. Macke had been subject to Hof's right of first refusal under the Macke lease. Hof responded by letter dated April 7, 1997, that "paragraph 22 of the lease has such meaning as it may have; Hof did not draft the language, they copied it." River Place signed the 1997 lease and returned it to Hof with a letter dated May 29, 1997, stating "subject to the clarifications

---

[1] The 1982 lease contained the following provision: "[i]f at any time during the term of this Lease . . . the Lessor shall desire to accept a bona fide offer received by it to lease the premises for laundry equipment use for a term commencing at or after the expiration of the term of this Lease . . . the Lessor shall notify the Lessee of such an offer . . . and the Lessee shall . . . have the right to relet the premises for those purposes on an exclusive basis and upon the terms and conditions of such offer by giving the Lessor written notice of its election to do. . . ."

[2] The 1989 lease's provision allowing the right of first refusal stated: "[a]t the expiration or termination of this Lease, if the Lessor desires to lease the Laundry Room to another person or entity to engage in the business of operating coin operated laundry equipment, the Lessee shall be granted the right to meet the terms of any bona fide offer for a proposed lease. The lessee shall have 30 days from the receipt of a copy of the proposed lease by certified or registered mail, return receipt requested, to exercise this right of first refusal."

contained in my April 1, 1997, letter to you." On July 27, 2002, at the end of the term for the 1997 lease, River Place notified Hof by letter on June 12, 2002, that it would not renew the lease and had contracted with a new laundry vendor, Coinmach. Hof brought this action arguing that it has a right of first refusal under the 1997 lease.

## Discussion

This case presents two questions. The first question is whether the lease provision regarding the right of first refusal is ambiguous, and extrinsic evidence is allowed to explain the meaning of the provision. The second question determines the meaning of the provision after considering extrinsic evidence.

I. The provision "[t]he terms contained in this Lease shall be subject to Hof Laundry Systems' right of first refusal" is not a complete or clear statement of rights. Typically, provisions allowing for the right of first refusal give details of the exercise of the right of first refusal, such as the time and how it can be exercised. "An ambiguity exists when language is of doubtful import, admits of being understood in more than one way, admits of two or more meanings, or refers to two or more things at the same time." *Allen v. Green*, 229 Va. 588, 592 (1985). Ambiguity can also be created by "doubtfulness [or] doubleness of meaning . . . of an expression used in a written instrument." *Berry v. Klinger*, 225 Va. 201, 207 (1983). Paragraph 22 taken by itself refers only to a right of first refusal without details of how to exercise this right. The provision seems to refer to additional information in another part of the contract. "The instrument should be examined as a whole in order to determine the controlling intention." *Allen v. Green*, 229 Va. 588, 593 (1985). Further, if "the agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." *Berry v. Klinger*, 225 Va. 201, 208 (1983). The right of first refusal, however, is not referenced in any other part of the contract and is an incomplete thought unable to be interpreted by itself. Rights of first refusal traditionally explain the terms and the method for the lessee to continue the business relationship. The parties had right of first refusal provisions in two prior contracts that were both complete and self-explanatory. (See above.) Since the provision is incomplete, it is ambiguous, and thus requires extrinsic evidence to explain its meaning.

II. Extrinsic evidence is admissible "to identify, explain, or define the subject matter" which is ambiguous. *Allen v. Green*, 229 Va. 588, 593 (1985), citing *Klingstein v. Vaughn*, 149 Va. 147 (1927); *Midkiff v. Glass*, 139 Va. 218 (1924). Since paragraph 22 is ambiguous and cannot be understood by itself, it is necessary to review the extrinsic evidence to define and explain the provision, i.e., prior contracts in this case, and the explanation of both parties about the evolution of the contracts. "Without parol evidence, it is frequently impossible to give effect to the intention of the parties concerning the subject matter to which their language was intended to apply." *Allen v. Green*, 229 Va. 588, 593 (1985), citing *South & W. R. Co. v. Mann*, 108 Va. 557 (1908). Considering the leases between the parties, the pleadings, and the evidence and hearing oral argument in this case, paragraph 22 was a provision in the lease between Macke and River Place, with a purpose to subject Macke to Hof's right of first refusal from the 1989 lease. The provision did not give Macke a right of first refusal. When Hof did exercise its right of first refusal, Hof's name was simply substituted everywhere the name Macke appeared, since the lease had to be mirrored without negotiation or variation. Extrinsic evidence clearly shows that a right of first refusal was never intended, either for Macke or for Hof.

## Conclusion

For the foregoing reasons, the Court holds that the lease agreement provision regarding the right of first refusal is ambiguous, and extrinsic evidence is allowed to provide the meaning of the provision. Considering the lease agreement in its entirety, the prior lease agreements among the parties, the prior litigation between the parties, and the parties' pleadings, evidence, and oral argument, the Court holds that Hof Services does not have a right of first refusal. Mr. Diaz should draft an order consistent with the Court's opinion, provide it to Mr. Richardson for endorsement, and forward it to the Court for entry. The order should note that Hof has five days from October 7, 2002, to remove its equipment and property from the River Place North premises. Further, the injunction preventing Hof's removal is hereby dissolved.